```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOHN H. LIBRAIRE,

                    Plaintiff,                             **MEMORANDUM & ORDER**

     -against-                                             Civil Action No. 06-1500

MYRON KAPLAN, JANET KRUDOP,
NORTH FORK PRESERVE, INC. and
NORTH FORK PRESERVE, CO.,

                    Defendants.
-------------------------------------------------------X
```

**APPEARANCES:**

**For Plaintiff:**
**Stein Law, P.C.**
24 Woodbine Avenue
Northport, New York 11768
By: Mitchell A. Stein, Esq.

**For Defendants**
**Rosenberg Calica & Birney LLP**
100 Garden City Plaza
Garden City, New York 11530
By: Ronald J. Rosenberg, Esq.

**HURLEY, Senior District Judge:**

Plaintiff, John H. Libraire ("Plaintiff"), commenced this action on March 31, 2006, asserting causes of action for securities fraud, pursuant to Section 10(b) of the Exchange Act of 1934, 15 U.S.C. § 78j (the "Exchange Act") and Rule 10b-5 of the Securities and Exchange Commission ("SEC"), promulgated thereunder, 17 C.F.R. §240.10b-5, as well as common law fraud and breach of fiduciary duties. Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56 and for sanctions. On December 4, 2007, the Court referred Defendants' motion to Magistrate Judge E. Thomas Boyle for report and recommendation. On

January 17, 2008 Judge Boyle issued a Report and Recommendation (the "Report") recommending the Defendants' motion for summary judgment be granted and the complaint be dismissed in its entirety. The Report also recommends that Defendants' motion for sanctions be granted against both Plaintiff and his counsel in an amount equal to the reasonable attorney's fees and costs incurred by Defendants in defending this action. Plaintiff has filed timely objections. For the reasons set forth below, the Court adopts the Report in its entirety.

*DISCUSSION*

**I. Standard of Review**

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b). Here, Plaintiff objects to the Report in its entirety. Accordingly, the Court shall conduct a de novo review.

**II. The Report is Adopted**

In his Report, Judge Boyle recommends that summary judgment be granted on Plaintiff's securities fraud claim as barred by the statute of limitations given that Plaintiff purchased his one share of common stock in NFP Inc. on January 12, 1988, approximately eighteen years prior to the commencement of this action. Judge Boyle rejected Plaintiff's argument that his payment in 2005 of annual dues constituted the purchase of a "security." In essence, Judge Boyle found that, under the evidence presented, the 2005 transaction did not meet the economic reality test. Under that test, in order for a transaction to be considered a security, there must be "(1) an

investment in a common venture, (2) premised on a reasonable expectation of profits, (3) to be derived from the entrepreneurial or managerial efforts of others." *Golden v. Garafalo*, 678 F.2d 1139, 1141 (2d Cir. 1982) (citing *United Housing Foundation v. Forman*, 421 U.S. 837, 852 (1975) and *SEC v. W.J. Howrey Co.*, 328 U.S. 293, 301 (1946). Judge Boyle also rejected Plaintiff's contention that summary judgment should be denied because of the absence of discovery, concluding, inter alia, that none of the "necessary" discovery related to whether the 2005 transaction constituted the purchase of a security. Having found that Plaintiff's securities fraud claim failed, Judge Boyle further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Finally, Judge Boyle recommended that Defendants' motion for sanctions be granted as Plaintiff's frivolous complaint warrants sanctions under the Private Securities Litigation Reform Act ("PSLRA").

Plaintiff objects to the Report in its entirety, contending that the 2005 "transaction" constitutes the acquisition of a security, summary judgment is inappropriate due to the lack of discovery, the pendent state claims are "better" addressed herein and sanctions should not be entered.

Upon a de novo review of the record and the law, the Court adopts Judge Boyle's thorough and carefully crafted Report in its entirety. In doing so, the Court finds that (1) Plaintiff has failed to raise a genuine issue of material fact with regard to whether the 2005 "transaction" constitutes the purchase of a security within the meaning of the Exchange Act; (2) Plaintiff has not demonstrated that discovery would create a genuine issue of material fact as to whether Plaintiff purchased a security in 2005; and (3) it is appropriate for this Court to decline to exercise supplemental jurisdiction as Plaintiff's federal claim is being dismissed prior to trial and

the resolution of the state law claims would entail determining additional issues of fact, s*ee N.Y. Mercantile Exch., Inc. v. Intercontinental Exch., Inc.*, 497 F.3d 109, 119 (2d Cir. 2007). Further, the Court finds that Plaintiff's frivolous complaint warrants sanctions under the PSLRA against both Plaintiff and his counsel equal to the amount of reasonable attorney's fees and costs incurred by Defendants in connection with this litigation.

## *CONCLUSION*

The Court adopts Judge Boyle's January 17, 2008 Report and Recommendation in its entirety. Accordingly, Defendants' motion for summary judgment is granted. The issue of the amount of sanctions, i.e. the amount of reasonable attorney's fees incurred by Defendants in connection with this litigation, is hereby respectfully referred to Magistrate Judge Boyle pursuant to 28 U.S.C. § 636(b). Pending that determination, this case shall remain open.

    **SO ORDERED.**

Dated: Central Islip, New York
       March 24, 2008

                                      /s/
                                      Denis R. Hurley
                                      Senior District Judge