UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JOHN H. LIBAIRE,

                            Plaintiff,                        REPORT AND
                                                                                              RECOMMENDATION

           -against-                                                 CV 06-1500 (DRH) (ETB)

MYRON KAPLAN, JANET KRUDOP, NORTH
FORK PRESERVE, INC. and NORTH FORK
PRESERVE, CO.,

                            Defendants.
----------------------------------------------------------------------X

TO THE HONORABLE DENIS R. HURLEY, UNITED STATES DISTRICT JUDGE:

      Before the Court is the application of defendants, Myron Kaplan, Janet Krudop, North Fork Preserve, Inc. and North Fork Preserve, Co. (collectively referred to as "defendants"), for an award of sanctions against plaintiff, John H. Libaire ("Libaire" or "plaintiff"), and his counsel, Mitchell Stein ("Stein"), pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 et seq. Defendants seek sanctions in the amount of $79,837.87, which represents the full amount of attorney's fees and costs incurred by defendants in connection with the within action. Plaintiff and Stein oppose defendants' application, asserting that the amount of fees and costs requested should be reduced to $12,105.92. For the following reasons, I recommend that defendants' motion be granted in its entirety and that defendants be awarded the full amount of attorney's fees and costs sought herein.

## FACTS

Familiarity with the facts underlying this action is presumed and accordingly, the facts will not be restated herein. Familiarity with the Report and Recommendation ("R&R") issued by the undersigned, dated January 17, 2008, and adopted by Judge Hurley by Memorandum and Order dated March 24, 2008, is also assumed.

## DISCUSSION

I.   The PSLRA Presumption

"The PSLRA dictates sanctions for frivolous securities fraud complaints and emphasizes the need not only to deter such abusive lawsuits, but also to compensate fully victims of this kind of abusive litigation." Gurary v. Nu-Tech Bio-Med, Inc., 303 F.3d 212, 215 (2d Cir. 2002). Once the court determines that a violation of Rule 11 has occurred, "the imposition of sanctions is mandatory." Id. (citing 15 U.S.C. § 78u-4(c)(1)). Moreover, the PSLRA imposes a presumption that where a complaint substantially fails to comply with Rule 11(b), the award of sanctions "shall be the full amount of the reasonable attorneys' fees and costs." Gurary, 303 F.3d at 215 (citing 15 U.S.C. § 78u-4(c)(3)(A)). This presumption may only be rebutted "upon proof that 'the violation of [Rule 11(b)] was de minimis' or that the sanctions 'will impose an unreasonable burden on that party or attorney and would be unjust, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed.'" Gurary, 303 F.3d at 215 (quoting 15 U.S.C. § 78u-4(c)(3)(B)).

The R&R previously issued found that "plaintiff, through his counsel, knowingly commenced a time-barred securities fraud action" and attempted to circumvent the obvious

-2-

statute of limitations issue by arguing that the payment of annual dues constituted the purchase of a security, a claim I found to have "'absolutely no chance of success under existing precedents.'" (R&R, Boyle, J., dated Jan. 17, 2008, 21-22 (quoting <u>Dujardin v. Liberty Media Corp.</u>, 359 F. Supp. 2d 337, 360 (S.D.N.Y. 2005).) For these reasons, I found that the Complaint substantially failed to comply with Rule 11(b). In addition, I recommended that the presumption under the PSLRA, that the sanctions awarded equal the full amount of attorney's fees and costs incurred by defendants herein, should apply to the within case on the grounds that plaintiff and Stein "failed to offer any evidence or argument whatsoever to rebut this presumption . . . ." (R&R, 25.) These findings were adopted by Judge Hurley when he adopted the R&R "in its entirety" on March 24, 2008. (Mem. & Order, Hurley, J., dated Mar. 24, 2008, 4.)

Plaintiff and Stein now seek to challenge the presumption that the full amount of attorney's fees and costs is the proper sanction on the following grounds: (1) the Complaint contained both frivolous and nonfrivolous claims (<u>i.e.</u>, the state law claims) and therefore the Complaint does not substantially fail to comply with Rule 11; (2) the hourly rates charged by defendants' counsel are not reasonable; and (3) fees charged prior to the motion for summary judgment should not be considered recoverable. For the reasons discussed <u>infra</u>, all of the foregoing arguments fail as a matter of law.

   A. <u>The Purported Nonfrivolous Claims</u>

    Plaintiff and Stein argue that because only one of the three claims contained in the Complaint were adjudicated as frivolous, the amount of fees awarded should be reduced by two-thirds to reflect the purported nonfrivolous state law claims. Plaintiff and Stein are correct that both the undersigned and Judge Hurley did not expressly rule on the remaining state law claims

once the federal claim was found to be frivolous, choosing instead not to exercise supplemental jurisdiction. However, plaintiff and Stein overlook the fact that the R&R specifically noted that although the parties had not raised the issue, it was likely that the state law claims would have been subject to dismissal under the Colorado River Doctrine since the claims were identical to certain claims pending at the same time in a concurrent state court action. (R&R, 17 n.8.) Moreover, the identical state law claims were ultimately dismissed by the state court in the concurrent action on January 10, 2008 and therefore, had the Court been inclined to consider the merits of those claims in the within action, they likely would have been dismissed here as well. This reasoning, however, is not a basis for this Report.

The Second Circuit has specifically held that "the presence of some nonfrivolous claims in an otherwise frivolous complaint is not sufficient, standing alone, to establish that either the violation of Rule 11 was de minimis or that the sanctions would create an unreasonable burden, for purposes of overcoming the statutory presumption of the PSLRA." Gurary, 303 F.3d at 226. Here, the sole basis for federal jurisdiction was the frivolous securities fraud claim. Having found that claim to be frivolous, there was no good faith basis on plaintiff's or Stein's part in commencing this federal action, regardless of whether purported nonfrivolous claims were included in the Complaint. Accordingly, as stated in the prior R&R, the baseless and time-barred securities fraud claim rendered the Complaint as substantially failing to comply with Rule 11. Since plaintiff and Stein have failed to submit any evidence to support a claim that the Rule 11 violation was de minimis[1] or that the sanctions imposed herein would create an unreasonable

---

[1] The Second Circuit specifically rejected a claim that the inclusion of some nonfrivolous claims in an otherwise frivolous complaint renders the violation de minmis in Gurary v. Nu-Tech Bio Med, Inc., 303 F.3d 212 (2d Cir. 2002), stating that "to accept [this] contention[] would

financial burden for either of them,[2] the statutory presumption applies and defendants should be awarded the full amount of the fees requested.  See Gurary, 303 F.3d at 222 ("[O]nce a substantial violation is found, the existence of some nonfrivolous claims does not suffice to rebut the statutory presumption on the ground that full sanctions would be an unreasonable and unjust burden.").

      B.      <u>The Hourly Rates Charged by Defendants' Counsel</u>

Plaintiff and Stein next argue that the hourly rates charged by defendants' counsel "are considerably higher than legal fees recently awarded to top flight NYC law firms and thus should be set at no more than $200/hour."  (Pl. Mem. of Law in Opp'n to Def. Application for Legal Fees Under the PSLRA, 6.)  Plaintiff and Stein appear to have arrived at their suggested hourly rate of $200 per hour by calculating a "blended hourly rate" for all of the attorneys who expended time on behalf of defendants in the within litigation.  (Id., 8.)

"A blended rate 'is meant to account for the different billing rates of partners and associates by taking an average of the two.'"  McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 98 (2d Cir. 2006) (quoting Figueroa ex rel Havre v. Savanar Rest., Inc., 182 F. Supp. 2d 339, 341 (S.D.N.Y. 2002).  While the application of a blended hourly rate in calculating attorney's fees has not been endorsed by the Second Circuit, see McDonald,

---

permit the very mischief that Congress manifestly intended to prohibit" such that "[p]laintiffs could avoid mandatory sanctions . . . simply by including one colorable claim amid a myriad of abusive allegations."  Id. at 221.

   [2]  As the Second Circuit stated in Gurary, the unreasonable burden prong of the PSLRA "requires the sanctioned party to offer, through financial statements or other proof, evidence that the award is unreasonable and unjust, given the party's economic or other like status."  Gurary, 303 F.3d at 221.  Neither plaintiff or Stein offered any such evidence in opposition to the within application.

450 F.3d at 98, some district courts within the Circuit have nonetheless employed one in certain circumstances. See, e.g., Figueroa, 182 F. Supp. 2d at 341 (applying blended rate where it was unclear from submission whether the attorney's fees were "attributable to associate or partner time"); Leva v. First UNUM Life Ins. Co., No. 96 Civ. 8590, 1999 WL 294802, at *2 (S.D.N.Y. May 11, 1999) (applying blended rate where it was not clear which attorneys performed what tasks); but see SEC v. Goren, 272 F. Supp. 2d 202, 208 (E.D.N.Y. 2003) (declining to use a blended rate because it "risks under- or over-compensating these professionals for their efforts"). However, the circumstances of the within action do not warrant applying a blended hourly rate.

Defendants' legal fees herein were incurred at the following hourly rates: (1) $350 to $425 per hour for partners; and (2) $50-$125 per hour for paralegals.[3] Recent cases in both the Eastern and Southern Districts of New York have found such fees to be reasonable.[4] See, e.g., Luca v. County of Nassau, No. 04-CV-4898, 2008 WL 2435569, at *10 (E.D.N.Y. June 16, 2008) (finding fees ranging from $300 to $400 per hour for partners to $75 per hour for paralegals reasonable); Rahman v. The Smith & Wollensky Rest. Group, Inc., No. 06 Civ. 6198, 2008 WL 1899938, at *2 (S.D.N.Y. Apr. 29, 2008) (finding fees of $540 per hour for a partner and $350 per hour for an associate to be reasonable). Accordingly, plaintiff's and Stein's argument that the fees charged by defendants' counsel are "considerably higher" than those

---

[3] It does not appear from the billing records submitted and the declaration provided by Ronald J. Rosenberg, Esq., that any associates expended time on the within action.

[4] Courts in this circuit routinely consider the rates of both the Eastern District of New York as well as the Southern District when calculating attorney's fees. See, e.g., New Leadership Committee v. Davidson, 23 F. Supp. 2d 301, 305 (E.D.N.Y. 1998) (holding that the magistrate judge did not abuse her discretion in considering the prevailing hourly rates in the Southern District of New York when awarding attorney's fees).

found to be reasonable by the courts is without merit.

Based on the foregoing, I recommend that defendants be awarded their counsel fees at the hourly rates charged, as detailed in Robert J. Rosenberg's declaration and the billing records provided.

    C.    <u>The Fees Incurred Prior to the Summary Judgment Motion</u>

Plaintiff and Stein's final argument is that defendants should not be awarded the legal fees incurred prior to the summary judgment motion on which defendants prevailed, including a pre-Answer motion to dismiss that was never filed. This argument fails as well.

The PSLRA specifically states that where a complaint substantially fails to comply with any requirement of Rule 11(b), the "appropriate sanction" is "an award to the opposing party of the reasonable attorneys' fees and other expenses incurred *in the action*." 15 U.S.C. § 78u-4(c)(3)(A)(ii) (emphasis added). The very language of the statute mandates that defendants herein be awarded all of the legal fees incurred in defending the frivolous and baseless action instituted against them by plaintiff and his counsel. Accordingly, I recommend that the sanction award comprise all of the attorney's fees incurred by defendants in the within action, including those prior to the motion for summary judgment.

II.    <u>The Reasonableness of the Fees Requested</u>

I have reviewed the billing records submitted by defendants' counsel, Rosenberg, Calica & Birney LLP, and find the rates charged and the time expended by the attorneys who worked on this matter to be fair and reasonable. Accordingly, I recommend that defendants be granted attorney's fees in the amount requested of $78,257.50.

-7-

I further find the disbursements incurred in connection with this action, which consist of Westlaw charges, travel expenses, and Federal Express expenses, to be reasonable as well. I therefore recommend that defendants also be granted their expenses incurred of $1,580.37, for a total monetary award of $79,837.87.

### RECOMMENDATION

For the foregoing reasons, I recommend that plaintiff, John H. Libaire, and his counsel, Mitchell Stein, be sanctioned, pursuant to the PSLRA, in the amount of $79,837.87, which equals the full amount of attorney's fees and expenses incurred by defendants in connection with the within frivolous action.

### OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), and 72(b); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993), <u>cert. denied</u>, 513 U.S. 822 (1994); <u>Frank v. Johnson</u>, 968 F.2d 298 (2d Cir. 1992), <u>cert. denied</u>, 506 U.S. 1038 (1992); <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

SO ORDERED.

Dated: Central Islip, New York
September 26, 2008

/s/ E. Thomas Boyle
HON. E. THOMAS BOYLE
United States Magistrate Judge