UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOHN H. LIBRAIRE,

      Plaintiff,

 -against-

MYRON KAPLAN, JANET KRUDOP,
NORTH FORK PRESERVE, INC. and
NORTH FORK PRESERVE, CO.,

      Defendants.
------------------------------------------------------X

**MEMORANDUM & ORDER**

Civil Action No. 06-1500

**APPEARANCES:**

**For Plaintiff:**
**Stein Law, P.C.**
24 Woodbine Avenue
Northport, New York 11768
By: Mitchell A. Stein, Esq.

**For Defendants**
**Rosenberg Calica & Birney LLP**
100 Garden City Plaza
Garden City, New York 11530
By: Ronald J. Rosenberg, Esq.

**HURLEY, Senior District Judge:**

  Presently before the Court are plaintiff's objections to the Report and Recommendation of Magistrate Judge Boyle, dated September 26, 2008 ("R&R"), which recommended that defendants be awarded $79,837.87 pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 et seq. For the reasons set forth below the objections are denied and the Court adopts the R&R in its entirety.

**Background**

**I. The Complaint**

Plaintiff, John H. Libraire ("plaintiff"), commenced this action on March 31, 2006, asserting causes of action for securities fraud, pursuant to Section 10(b) of the Exchange Act of 1934, 15 U.S.C. § 78j (the "Exchange Act") and Rule 10b-5 of the Securities and Exchange Commission ("SEC"), promulgated thereunder, 17 C.F.R. §240.10b-5, as well as common law fraud and breach of fiduciary duties.

The relevant facts are set forth at length in Judge Boyle's Report and Recommendation dated January 17, 2008 (the "January Report"), familiarity with which is presumed. Briefly stated, they are as follows. In or about 1981, Myron Kaplan and Robert Krudop formed a partnership, NFP Co., and purchased 333 acres of vacant land in Riverhead to develop and use as a private hunting preserve. They then formed NFP, Inc., a New York corporation. NFP Co. conveyed 200 acres to NFP, Inc. in exchange for 75 shares in NFP Inc., as well as other consideration. NFP Co. retained the remaining 133 acres, which it leased to NFP Inc. for an amount equal to its carrying costs.

In order to fund development of the hunting preserve, NFP Inc. issued a private offering, selling 75 common shares of stock in NFP Inc. at a cost of $10,000 per share. In January 1988, plaintiff purchased a single share of common stock in NFP, Inc. for $12,5000. In November 2003, the minority shareholders of NFP, Inc., including plaintiff, commenced an action in New York Supreme Court against Kaplan, Janet Krudop, the estate of Robert Krudop, NFP, Co., and NFP, Inc. alleging waste, fraud, corporate mismanagement and breach of fiduciary duty. While that state court action was pending, plaintiff commenced the instant action alleging that

2

defendants committed securities fraud, basing the claim on plaintiff's payment of annual dues in 2005 which he asserts was in actuality the purchase of a second, preferred security in NFP, Inc.

Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 and for sanctions, arguing that the only stock issued by NFP, Inc. is its common stock and it has not issued any preferred shares. On December 4, 2007, the Court referred defendants' motion to Judge Boyle for report and recommendation.

## II.    The January Report

On January 17, 2008 Judge Boyle issued the January Report recommending the defendants' motion for summary judgment be granted and the complaint be dismissed in its entirety. Judge Boyle found that it was undisputed that the only share of NFP, Inc. common stock purchased by plaintiff was in January 1988, well beyond the one year/three year statute of limitations for a claim under Section 10(b) and Rule 10b-5. He rejected plaintiff's attempt to circumvent the statute of limitations by asserting that his payment of annual dues in 2005 was the purchase of a second, preferred security in NFP, Inc. The January Report also recommends that defendants' motion for sanctions under the PSLRA be granted against both plaintiff and his counsel in an amount equal to the reasonable attorney's fees and costs incurred by defendants in defending this action. Plaintiff filed timely objections to the January Report.

By Order March 24, 2008, the Court denied the objections and adopted the January Report in its entirety, finding that (1) plaintiff failed to raise a genuine issue of material fact with regard to whether the 2005 "transaction" constitutes the purchase of a security within the meaning of the Exchange Act; (2) plaintiff did not demonstrate that discovery would create a genuine issue of material fact as to whether plaintiff purchased a security in 2005; and (3) it was

appropriate for this Court to decline to exercise supplemental jurisdiction as plaintiff's federal claim is being dismissed prior to trial and the resolution of the state law claims would entail determining additional issues of fact.  Further, the Court found that plaintiff's frivolous complaint warranted sanctions under the PSLRA against both plaintiff and his counsel ("counsel" or "Stein") equal to the amount of reasonable attorney's fees and costs incurred by defendants in connection with this litigation. Finally, the Court referred the issue of the amount of sanctions, i.e. the amount of reasonable attorney's fees incurred by defendants in connection with this litigation,  to Judge Boyle resulting in the R&R at issue.

### III.   The R&R

In his R&R, Judge Boyle began by noting that in the January Report he found that

> "plaintiff, through his counsel, knowingly commenced a time-barred securities fraud action" and attempted to circumvent the obvious statute of limitations issue by arguing that the payment of annual dues constituted the purchase of a security, a claim [he] found to have "absolutely no chance of success under existing precedents." . . .  For these reasons [he] found that the Complaint substantially failed to comply with Rule 11(b).  In addition, [he] recommended that the presumption under the PSLRA, that the sanctions awarded equal the full amount of attorney's fees and costs incurred by defendants herein, should apply to the within case on the grounds that plaintiff and Stein "failed to offer any evidence or argument whatsoever to rebut this presumption . . . ."  These findings were adopted by [the Court]. . . .

(R&R at 2-3 (quoting January Report at 21-22).)

Turning then to the issues at hand, Judge Boyle summarized plaintiff's and Stein's arguments as challenging the PSLRA's presumption that the full amount of attorney's fees and costs is the proper sanction on three grounds: "(1) the Complaint contained both frivolous and nonfrivolous claims (i.e. the state law claims) and therefore the Complaint does not substantially

4

fail to comply with Rule 11; (2) the hourly rates charged by defendants' counsel are not reasonable; and (3) fees charged prior to the motion for summary judgment should not be considered recoverable." (R&R at 3.)

Addressing plaintiff's argument regarding the state claims, Judge Boyle first noted that the January Report specifically noted that these claims would likely have been subject to dismissal under the Colorado River doctrine,[1] although he did not base his recommendation on that ground. Rather, Judge Boyle reasoned that because the sole basis for federal jurisdiction was the frivolous securities fraud claim, there was no good faith basis for commencing this federal action and the baseless and time-barred securities fraud claim rendered the Complaint as substantially failing to comply with Rule 11. (R&R at 4.) Judge Boyle concluded that ""[s]ince plaintiff and Stein have failed to submit any evidence to support a claim that the Rule 11 violation was de minimis or that the sanctions imposed herein would create an unreasonable financial burden for either of them, the statutory presumption applies and defendants should be awarded the full amount of the fees requested." (*Id.* at 4-5.)

Judge Boyle also rejected the argument that the hourly rate should be set at no more than $200 per hour, calculated by blending the hourly rate for all of the defense attorneys. He found that the rate charged by defendants' counsel were reasonable and that similar rates had been found reasonable by other courts in this and the Southern District of New York.

Finally, Judge Boyle found that the argument that defendants should not be awarded the legal fees incurred prior to the summary judgment motion was contrary to the language of the

---

[1] *See Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800 (1976) (establishing standards for discretionary abstention when federal and state courts exercise concurrent jurisdiction).

PSLRA, which states that the appropriate sanction is "an award to the opposing party of the reasonable attorneys' fees and other expenses incurred *in the action*." (R&R at 7 (quoting 15 U.S.C. § 78u-4(c)(3)(A)(ii) (emphasis added)).)

## III. The Objections to the R&R

In support of their objections, plaintiff and counsel argue that the complaint cannot be found to have substantially failed to comply with Rule 11 because "[t]he transaction in 2005 (like its predecessor in 2004) constitutes the exercise of an 'option' which is a 'security' under the Exchange Act"; the suit as a whole was not abusive and any Rule 11 violation was not substantial because of the presence of the state law claims; there was no pattern of harassment; and there was no Rule 11(b)(1) notice to the plaintiff in advance of the Court's ruling. (Plaintiff's & Counsel's Objections, Dkt. No. 42 ("Objections"), at 11-17.)[2]

## Discussion

### I. Applicable Standards

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. of Civ. P. 72(b). Accordingly, the Court applies de novo review to those portions of the Report to which objections were raised. *See id.* The Court reviews those portions to which no objections have been filed for clear error. *See, e.g.*, *Kenneth Jay Lane, Inc. v. Heavenly, Apparel Inc.*, No. 03 CV

---

[2] Although Plaintiff and counsel maintain in their reply papers that the "R& R must be entirely rejected as a matter of law," (Reply at 1), neither the moving nor the reply papers challenge Judge Boyle's determination that the rates charged by defense counsel were reasonable.

6

2132, 2006 WL 728407, at *1 (S.D.N.Y. Mar. 21, 2006).

Plaintiff and counsel appear to propose a different standard of review than that set forth above. Maintaining that under the de novo standard "no deference [is accorded] to any prior resolution of the same controversy," (objections at 11), they seek to reargue issues determined by the January Report and the Court's adoption thereof. For example, Plaintiff and counsel maintain that the action is not frivolous because the transaction at issue qualifies as a security under the Exchange Act. That issue, however, is not a subject of the R&R to which the current objections relate. Rather, that was a matter addressed in Judge Boyle's January Report, which the Court adopted over the objections of plaintiff and his counsel. To the extent they now seek to readdress that issue, as well as other issues determined not in the R&R but in the January Report and the Court's adoption thereof, the governing standard is that for reconsideration.

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Int'l Union,* 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (finding district court properly exercised its discretion to reconsider earlier ruling in light of the introduction of additional relevant case law and substantial legislative history); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted). "The major

7

grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). Thus, a "'party may not advance new facts, issues, or arguments not previously presented to the Court.'" *National Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)). A party may, however, introduce relevant authority that was not before the district court when it initially ruled on the matter. *See Vaughn v. Consumer Home Mortgage Co.*, 2007 WL 140956 at *6 (E.D.N.Y. Jan. 22, 2007).

## II. To The Extent The Objections are in Reality a Request for Reconsideration, Reconsideration is Denied

To the extent the Objections are a request for reconsideration, reconsideration is denied on several grounds. First, the motion is untimely. Local Rule 6.3 provides in pertinent part:

> A notice of motion for reconsideration or re-argument of a court order determining a motion shall be served within ten (10) days after the court's determination of the original motion, or, in the case of a court order resulting in a judgment, within ten (10) days after entry of judgment.

This Court issued its decision concerning whether the transaction constituted a security on March 24, 2008. Plaintiff's and counsel's Objections, wherein reconsideration is apparently sought, were not filed until October 14, 2008 and therefore the request for reconsideration is untimely.

Moreover, the current argument proffered in support of the contention that the transaction at issue, the payment of dues, is a security within the meaning of the Securities Exchange Act is

8

that it constitutes an "option." This argument was not raised in connection with the defendant's motion for summary judgment. Rather, it was argued that the dues payment constituted a preferred security. As noted above, on reconsideration a party may not raise "arguments not previously presented to the Court." *National Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001). Neither was this argument made to Judge Boyle in connection the R&R currently at issue. *See Travelers Ins. Co. v. Estate of Garcia*, 2003 WL 1193535 (E.D.N.Y. 2003) (objecting party may not raise new arguments that were not made before the Magistrate Judge). Finally, the Court notes that plaintiff proffers no authority to support his new argument.

With respect to the challenge to the determinations that the frivolity of the Complaint was substantial and that sanctions were warranted because of plaintiff and counsel's harassment of defendants and because counsel had been sanctioned in the past, this was a matter fully argued in connection with the initial motion and addressed in the Judge's Boyle January Report, which was adopted by the Court. Motions for reconsideration are not appropriate to merely rehash arguments previously considered by the Court. *See Medoy v. Warnco Employees' Long Term Disability Ins. Plan,* 2006 WL 355137 (E.D.N.Y. Feb. 15, 2006) ("The standard for reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

Reconsideration is denied.

**II. The Objections are Denied and the Court Adopts the R&R in its Entirety**

Having conducted a de novo review of the record and the law as to those portions of the R&R that have been objected to and having reviewed for clear error those portions to which no objections were filed, the Court adopt's Judge Boyle's thorough R&R in its entirety. In doing so,

the Court finds that, even if the state claims are not frivolous, because the sole basis for federal jurisdiction was the frivolous securities fraud claim there was no good faith basis for the commencement of this federal action, rendering the complaint noncompliant with Rule 11. Because Stein failed to submit any evidence that the violation was de minimis or that sanctions would create an unreasonable financial burden, the statutory presumption applies and defendants should be award the claimed full amount of fees incurred in this action. Also, the Court rejects the argument that there was an absence of due process because of a claimed lack of notice of the request for sanctions. Defendants' notice of motion and supporting papers clearly sought sanctions pursuant to PSLRA. *See*, *e.g.*, Defs.' Notice of Motion, Dkt. No. 21-1, at 2; Declar. of M. Kaplan, Dkt No. 21-2, at 14, 18; Defs.' Mem. in Supp., Dkt No. 22, at 26-30. Indeed, plaintiff even addressed the issue of sanction in his opposing papers. *See* Pl.'s Mem. in Opp., Dkt. No. 26, at 16-18. Nor do the procedures under Rule 11 apply to the imposition of sanctions under the PSLRA. *See De La Fuente v. DCI Telecomms. Inc.*, 259 F. Supp. 2d 250, 258 n.4 (S.D.N.Y. 2003) ("The PSLRA . . . does not incorporate the safe harbor provision contained in Rule 11c.").

**III. The Sanctions Award Shall be Adjusted to Reflect Additional Amounts Incurred**

In their opposing papers, defendants request that the sanctions award be adjusted upward in the amount of $15,007.58 reflecting additional bills from May 23, 2008 through the submission of their opposition to the Objections. The request is granted in view of the fact that said additional amount is reasonable as per submissions and the PSLRA specifically states that where a complaint substantially fails to comply with any requirement of Rule 11(b), the "appropriate sanction" is "an award . . . of the reasonable attorneys' fees and other expenses

incurred *in the action*." 15 U.S.C. § 78u-4(c)(3)(A) (ii) (emphasis added). Accordingly, the sanctions award is adjusted and defendants are entitled to recover the amount of $94,845.45, i.e. $79,837.87 and $15,007.58.

## Conclusion

The Objections are denied and the Court adopts Judge Boyle's R&R in its entirety, with the amount of sanctions awarded against plaintiff and his counsel adjusted to $94,845.45. The Clerk of Court is directed to enter judgment in favor of defendants and upon entry of judgment to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
May 22, 2009

/s/
Denis R. Hurley
Senior District Judge