## ROSENBERG CALICA & BIRNEY LLP
ATTORNEYS AT LAW
100 GARDEN CITY PLAZA, SUITE 408
GARDEN CITY, NEW YORK 11530
TELEPHONE (516) 747-7400
FACSIMILE (516) 747-7480
WWW.RCBLAW.COM

RONALD J. ROSENBERG\*
ROBERT M. CALICA
WILLIAM J. BIRNEY
EDWARD M. ROSS^
LESLEY A. REARDON
KENNETH E. ANESER°
JOHN S. CIULLA
JUDAH SERFATY
PETER J. WILLIAMS+
ROBERT J. HOWARD
DIANA G. ATTNER
MEGAN F. CARROLL^
DAVID M. MANNION
PATRICK J. WHITE
JOSHUA M. LIEBMAN‡

KENNETH J. WEINSTEIN
RICHARD A. ROSS
OF COUNSEL

\*ALSO ADMITTED FL
^ALSO ADMITTED CT
°ALSO ADMITTED CT, NJ, DC
+ALSO ADMITTED MD
‡ALSO ADMITTED NJ

December 1, 2009

*via ECF filing*

Honorable Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      RE:   John H. Libaire Jr. v. Myron Kaplan, Janet Krudop, the North Fork Preserve, Inc., and the North Fork Preserve Co.
            Civ 06-1500 (DRH)(ETB)

Honorable Sir:

      We represent the defendants in the above action. We are in receipt of a letter dated November 23rd from plaintiff's counsel, Mr. Stein, requesting a pre-motion conference to file a motion to quash a subpoena served upon him. For the reasons set forth herein, Mr. Stein's letter application should be denied in its entirety. Additionally, defendants request a pre-motion conference and seek leave to file a motion holding Mr. Stein in contempt pursuant to F.R.C.P. 45(e) for failing to obey a duly-served Subpoena to appear for a deposition and to produce documents on November 24, 2009.

      As the Court may recall, by Order dated May 22, 2009, it sanctioned Mr. Stein $94,845.45 for filing this frivolous securities fraud action and entered a judgment against him personally, as well as the plaintiff John H. Libaire, Jr. Thereafter, defendants began enforcement proceedings in an attempt to collect on the Judgment, since Mr. Stein did not respond to our requests to voluntarily pay the sanction. On July 2, 2009, Mr. Stein was served with a subpoena to be deposed on July 23, 2009 and to produce documents in connection with our enforcement efforts. Mr. Stein failed to appear and a default was taken. On October 28, 2009, we again served Mr. Stein with a subpoena to appear on November 24, 2009 to be deposed and to produce documents. The evening before the scheduled

ROSENBERG CALICA & BIRNEY LLP

Honorable Denis R. Hurley<br>
December 1, 2009<br>
Page 2

deposition, Mr. Stein faxed me a document entitled "Objections to Subpoena." The Objections were wholly frivolous, as well as untimely,[1] and had no effect on the duly-scheduled deposition, since objections served pursuant to F.R.C.P. 45(c)(2)(B) merely apply to a demand to produce documents. Mr. Stein then belatedly filed a letter with the Court requesting leave to move to quash the subpoena and for a protective order. On the scheduled deposition date, November 24, 2009, Mr. Stein failed to appear, and a default was taken.

Mr. Stein states no basis to quash the subpoena. Rather, he reiterates his frivolous argument that the Court "lacks subject matter jurisdiction" citing to *Ledford v. Peeples et al.*, 568 F.2d 1258 (11th Cir. 2009). However, as stated in our prior letter of October 26th (Docket #63), he completely distorts the holding of that case. The fact that a securities fraud claim is dismissed as frivolous under the Private Securities Litigation Reform Act ("PSLRA") does not, as Mr. Stein concludes, mean that the Court has no subject-matter jurisdiction to impose the sanctions mandated by the PSLRA. Such an absurd conclusion would, among other things, render the PSRLA a nullity.

Mr. Stein further states, in conclusory fashion, that the subpoena "creates an undue burden and/or expense on the witness, law firm, and clients, and by all appearances is merely harassment." There is no undue burden or expense entailed with Mr. Stein traveling from Northport to Garden City to appear for a deposition, nor has he stated any. Nor is defendants' attempt to collect on their judgment "harassment." Mr. Stein argues that the subpoena "is aimed at wrongfully and unnecessarily invading and disturbing the privileged relationship between attorneys and clients calling for the production of, and testimony concerning confidential, proprietary, attorney-client privileged and work-product protected communications." This is absurd. The Subpoena seeks documents and information relating to Mr. Stein's <u>assets</u>, not any attorney-client privileged information. Finally, Mr. Stein argues that the defendants are engaging in an "abuse of process" and otherwise attempting to impede his ability to prepare and complete the Second Circuit briefs. This is simply false. Mr. Stein's brief was due September 22, 2009 – a month before he was even served with our subpoena.[2]

In sum, any motion to quash made by Mr. Stein would be as frivolous as the underlying action, and we respectfully request that the Court deny the request. Additionally, we respectfully request that the Court grant defendants leave to file a motion for contempt pursuant to F.R.C.P.

---

[1] Objections to producing documents must be filed "before the <u>earlier</u> of the time specified for compliance or 14 days after the subpoena is served." Pursuant to F.R.C.P. 45(c)(2)(B). Thus, any objections were due November 11th.

[2] Since then, Mr. Stein has requested 2 more extensions of time to file his brief, which is now due in December.

ROSENBERG CALICA & BIRNEY LLP

Honorable Denis R. Hurley<br>
December 1, 2009<br>
Page 3

45(e). As always, we appreciate the Court's consideration and attention to this matter.

Respectfully submitted,

**ROSENBERG CALICA & BIRNEY LLP**

/S/

Ronald J. Rosenberg

RJR/lr
cc:     Chambers, Honorable Denis R. Hurley (Courtesy Copy)
        Chambers, Magistrate Judge Boyle (Courtesy Copy)
        Mitchell A. Stein, Esq. (via facsimile and first class mail)