UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOHN H. LIBAIRE, Jr.,

                Plaintiff,                          **MEMORANDUM & ORDER**

    -against-

                                                             Civil Action No. 06-1500

MYRON KAPLAN, JANET KRUDOP,
NORTH FORK PRESERVE, INC. and
NORTH FORK PRESERVE, CO.,

                    Defendants.
------------------------------------------------------X

**APPEARANCES:**

**Stein Law, P.C.**
Attorneys for Plaintiff
24 Woodbine Avenue, Suite 4
Northport, New York 11768
By:    Mitchell A. Stein, Esq.

**Rosenberg Calica & Birney LLP**
Attorneys for Defendant
100 Garden City Plaza
Garden City, New York 11530
By:    Ronald J. Rosenberg, Esq.

**HURLEY, Senior District Judge:**

        Presently before the Court is the motion of Plaintiff John H. Libaire, Jr. and his counsel, pursuant to Local Civil Rule 6.3 and Rules 59(e)[1] and 60 of the Federal Rules of Civil Procedure for "reconsideration and reargument" of this Court's Memorandum and Order dated May 22, 2009 (Dkt No. 51), and "for alteration and relief from the final judgment" entered in this matter.

---

[1] The notice of motion does not refer to any particular rule. The memorandum in support refers to Rules "50(e)" and "60" the Federal Rules of Civil Procedure, as well as Local Rule 6.3. Inasmuch as "alteration and relief" from judgment is sought, the Court presumes that the reference to Rule 50(e) should, in fact, be to Rule 59(e).

(*See* Plaintiff and Counsel's Memorandum of Law in Support ("Mem. in Supp."), Dkt. No. 57 at 1.) For the reasons set forth below, the motion is granted in part and denied in part.

**Background**

Plaintiff John H. Libaire Jr. "(Plaintiff") commenced this action on March 31, 2006 asserting causes of action for securities fraud, pursuant to Section 10-b of the Exchange Act of 1934, 15 U.S.C. § 78j (the "Exchange Act"), and Rule 10b-5 of the Securities and Exchange Commission promulgated thereunder, 17 C.F.R. § 240.10b-5 ("Rule 10b-5"), as well as common law fraud and breach of fiduciary duties. In his complaint, Plaintiff alleges that defendants made certain material misrepresentations which induced him to purchase securities in defendant North Fork Preserve, Inc. ("NFP, Inc."), a private, members-only hunting preserve, and on which he relied to his detriment. Specifically, Plaintiff claims that defendants Myron Kaplan ("Kaplan"), Janet Krudop ("Krudop"), NFP, Inc., and North Fork Preserve Co. ("NFP, Co.")[2] falsely represented that NFP, Inc. "would operate in the ordinary course of business" in order to induce Plaintiff to purchase a security in NFP. Inc. and that "purchase of that security would allow [P]laintiff to use NFP [,Inc.] for hunting during the 2005 Long Island hunting season." According to Plaintiff, NFP, Inc. was not operated in the ordinary course of business and was inadequate as a hunting preserve in 2005, thereby rendering his purchased security worthless.

In March 2007, Defendants filed their motion for (1) summary judgment dismissing Plaintiff's complaint as time-barred; and (2) the imposition of sanctions on Plaintiff and Plaintiff's counsel pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4

---

[2] NFO, Inc., Kaplan, Krudop and NFP, Co. are collectively referred to as 'Defendants."

("PSLRA"), and Rule 11 of the Federal Rules of Civil Procedure.[3]  The motion was referred to Magistrate Judge Boyle for report and recommendation.

On January 17, 2008 Judge Boyle issued a Report and Recommendation (the "January Report") recommending that (1) the motion for summary judgment be granted and the complaint dismissed in its entirety; and (2) that the motion for sanctions be granted against both Plaintiff and his counsel in an amount equal to the reasonable attorney's fees and costs incurred by Defendants in defending this action.  More specifically, Judge Boyle recommended that summary judgment be granted on the securities fraud claim as barred by the statute of limitations given that Plaintiff purchased his one share of common stock in NFP Inc. on January 12, 1988, approximately eighteen years prior to the commencement of this action.  Judge Boyle rejected Plaintiff's argument that his payment in 2005 of annual dues constituted the purchase of a "security," finding that, under the evidence presented, it did not meet the economic reality test.  Judge Boyle also rejected Plaintiff's contention that summary judgment should be denied because of the need for discovery, concluding that (a) Plaintiff had failed to seek discovery until December 2006, nine months after he commenced this action and only after Defendants filed their motion for summary judgment, and (b) none of the "necessary" discovery related to whether the 2005 transaction constituted the purchase of a security.  Having found that Plaintiff's securities fraud claim failed, Judge Boyle recommended that the Court decline to exercise

---

[3] In accordance with this Court's Individual Practice rules, Defendants filed a letter seeking a pre-motion conference "with respect to defendants' request to file a motion for summary judgment pursuant to Fed. R. Civ. P. 56 dismissing the Complaint and for sanctions under Rule 11 and the . . . PSLRA . . . ."  (Dkt. No. 6.)  After Plaintiff responded to said letter, by Order dated October 6, 2006, the Court waived its pre-motion conference requirement and set a briefing schedule, which briefing schedule was thereafter amended a number of times.

supplemental jurisdiction over the state law claims. Finally, Judge Boyle recommended that Defendants' motion for sanctions be granted as Plaintiff's frivolous complaint warrants sanctions under the PSLRA. Judge Boyle found that "plaintiff, through his counsel, knowingly commenced a time-barred securities fraud action" and attempted to circumvent the obvious statute of limitations issue by arguing that the payment of annual dues constituted the purchase of a security, a claim Judge Boyle found to have "absolutely no chance of success under existing precedents."

Plaintiff objected to the January Report in its entirety. By Memorandum and Order dated March 24, 2008, the Court denied the objections and adopted the January Report in its entirety, finding that (1) Plaintiff failed to raise a genuine issue of material fact with regard to whether the 2005 "transaction" constitutes the purchase of a security within the meaning of the Securities Exchange Act; (2) plaintiff did not demonstrate that discovery would create a genuine issue of material fact as to whether he purchased a security in 2005; and (3) it was appropriate for the Court to decline to exercise supplemental jurisdiction. Further, the Court found Plaintiff's frivolous complaint warranted sanctions under the PSLRA against both Plaintiff and his counsel; the issues of the amount of sanctions was referred to Judge Boyle for Report and Recommendation.

Judge Boyle held a conference on April 28, 2008, at which time he established a briefing schedule for the March 24, 2008 referral. The issues were fully briefed on June 30, 2008.

On September 26, 2008, Judge Boyle issued a Report and Recommendation recommending that Defendants be awarded $79,837.87 pursuant to the PSLRA ("the September

Report"). Judge Boyle summarized the arguments of Plaintiff and his counsel as challenging the PSLRA's presumption that the full amount of attorney's fees and costs is the proper sanction on three grounds: "(1) the Complaint contained both frivolous and non-frivolous claims (i.e. the state law claims) and therefore the Complaint does not substantially fail to comply with Rule 11; (2) the hourly rates charged by defendants' counsel are not reasonable; and (3) fees charged prior to the motion for summary judgment should not be considered recoverable." (September Report at 3.) With regard to the state law claims, Judge Boyle reasoned that because the sole basis for federal jurisdiction was the frivolous securities fraud claim, there was no good faith basis for commencing this federal action and the baseless and time-barred securities fraud claim rendered the Complaint as substantially failing to comply with Rule 11. Judge Boyle concluded that "[s]ince plaintiff and [his counsel] have failed to submit any evidence to support a claim that the Rule 11 violation was de minimis or that sanctions imposed . . . would create an unreasonable financial burden for either of them, the statutory presumption applies and defendants should be awarded the full amount of the fees requested." (*Id.* at 4-5.) Judge Boyle also found that the rates charged by defense counsel were reasonable. Finally, he found that the argument that defendants should not be awarded the legal fees incurred prior to the summary judgment motion was contrary to the language of the PSLRA. (*Id.* at 7.)

Plaintiff and his counsel filed objections to the September Report. In support of their objections, they argued that the complaint cannot be found to have substantially failed to comply with Rule 11 because "[t]he transaction in 2005 (like it predecessor in 2004) constitutes the exercise of an 'option' which is a 'security' under the Exchange Act"; the suit as a whole was not

abusive and any Rule 11 violation was not substantial because of the presence of the state law claims; there was no pattern of harassment; and there was no Rule 11(b)(1) notice to plaintiff in advance of the Court's ruling." (Dkt No. 42 at 11-17.)

By Memorandum & Order dated May 22, 2009, the Court (1) denied the objections; (2) adopted Judge Boyle's September Report in its entirety, with the amount of sanction adjusted upward to reflect additional legal fees incurred by defendants from May 23, 2008 though the submission of the opposition to the objections; and (3) directed the entry of judgment.

In denying the objections, the Court began by noting that Plaintiff and his counsel sought to reargue issues determined by the January Report and the Court's adoption thereof. To the extent the objections were a request for reconsideration, the Court denied reconsideration on several grounds. First, the application was untimely. Second, as to the argument that the payment of dues is a security within the meaning of the Exchange Act in that it constitutes an "option," reargument was properly denied as (1) that argument was not raised in connection with the Defendants' motion for summary judgment nor was it made to Judge Boyle in connection with the September Report; and (2) Plaintiff proffered no authority to support this new argument. Similarly, with respect to the challenge to the determinations that the frivolity of the complaint was substantial and sanctions were warranted because of Plaintiff's and counsel's harassment of defendants and because counsel had been sanctioned in the past, reconsideration was properly denied because this was a matter fully argued in connection with the initial motion and reconsideration is not appropriate merely to

rehash arguments previously considered.

The Court then turned to the remaining issues raised in the objections. The Court found that, even if the state claims were not frivolous, the complaint was noncompliant with Rule 11 because there was no good faith basis for the commencement of this federal action as the sole basis for federal jurisdiction was the frivolous securities fraud claim. The Court further found applicable the statutory presumption that the award should be the fees incurred in this action as there was no evidence that the violation was de minimis or that sanctions would create an unreasonable financial burden. The Court rejected the argument that there was an absence of due process because of a claimed lack of notice of the request for sanction, citing the fact that Defendants' notice of motion and supporting papers clearly sought sanctions pursuant to the PSLRA and Plaintiff even addressed the issue of sanctions in his opposing papers. In addition, the Court concluded that the procedure under Rule 11 do not apply to the imposition of sanctions under the PSLRA.

On May 22, 2009 judgment was entered. On May 27, 2009 Defendants filed a letter requesting corrections to the Clerk's judgment, which request Plaintiff opposed. By Order dated May 29, 2009 the Court directed the Clerk of Court, pursuant to Federal Rule of Civil Procedure 60(a), to amend the judgment entered on May 22, 2009 to correct the following clerical mistake(s) and/or mistake(s) arising from oversight or omission: (1) "The caption should be amended to reflect the correct spelling of plaintiff's name as 'John H. Libaire, Jr.'"; and (2) "The 'ORDERED AND ADJUDGED' paragraph should be corrected to identify the parties by name . . . ." On June 1, 2009 an amended judgment (dated May 29, 2009) was entered.

On June 10, 2009, the instant application pursuant to Local Civil Rule 6.3 and Rules 59(e) and 60 of the Federal Rules of Civil Procedure for "reconsideration and reargument" of this Court's Memorandum and Order dated May 22, 2009, and "for alteration and relief from the final judgment" entered in this matter was filed.

## Discussion

### I. The Parties' Contentions

In support of the current motion, Plaintiff and his counsel argue that (1) Defendant's failure to both file a separate motion for sanctions or provide Rule 11's "safe harbor" is fatal to their request for sanctions; (2) there has been no final adjudication and thus sanctions under the PSLRA must be denied; (3) this Court's reliance upon Defendants' notice of motion for sanctions, as opposed to the Court giving notice, was "in violation of legislative command (Fed. R. Civ. P. 11 and PSLRA, 15 U.S.C. Sec. 78u-4(c)), Constitutional due process, and applicable Second Circuit authority."  (Mem. in Supp. at 1, 5-6, 10-11.)

Defendants oppose the motion arguing (1) the motion for reconsideration under Local Rule 6.3 and the motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) is untimely; (2) the motion for reconsideration is without merit and fails to set forth any facts or law overlooked by the Court; (3) the motion pursuant to Fed. R. Civ. P. 60 is without merit; and (4) the Court should increase the judgment to include the fees incurred in this action since the last motion.

### II. Timeliness

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a

judgment must be filed no later than ten days after the entry of said judgment." The time limit contained in Rule 59(e) may not be extended by the Court. *See* Fed. R. Civ. P. 6(b); *Lichtenberg v. Besicorp Group Inc.,* 204 F.3d 397, 401 (2d Cir. 2000) (the ten-day time limit for a Rule 59(e) motion is "uncompromisable."). Here, the Amended Judgment, although dated May 29, 2009, was not entered until June 1, 2009. Measured from June 1, 2009, the instant motion was filed within ten days of entry of judgment. However, in *Hodge v. Hodge*, 269 F.3d 155 (2d Cir. 2001), the Second Circuit held that "when a judgment is corrected under Fed. R. Civ. P. 60(a), the time for filing post judgment motions runs from the date of entry of the first judgment, not the second." *Id.* at 158. In *Hodge*, similar to the case at bar, the judgment was amended, following a letter from counsel, to reflect the correct name of a party. Accordingly, pursuant to the holding in *Hodge,* to the extent Plaintiff seeks relief pursuant to Rule 59(e), the application is untimely.

Local Rule 6.3 provides, in pertinent part, that"[a] notice of motion for reconsideration or re-argument of a court order determining a motion shall be served within ten (10 days) after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within ten (10) days after entry of judgment." Local Rule 6.3 of the Local Rules for Southern and Eastern District of New York. An extension of time to file a motion for reconsideration under Local Rule 6.3 is not forbidden by Federal Rule of Civil Procedure 6(b) and, therefore, a district court has discretion to grant such an extension. *Lichtenberg*, 204 F.3d at 403; *Weisner v. 321 West 16th St. Assocs.,* 2000 WL 1585680, at * 2 (S.D.N.Y. Oct. 25, 2000).[4]

---

[4] Unlike a motion under Federal Rule of Civil Procedure 59(e), a motion for reconsideration under Local Rule 6.3 does not affect the time for taking an appeal from the underlying judgment. *See Lichtenberg*, 204 F.3d at 403. Moreover, an appeal from an order denying reconsideration "calls up for review only the denial of the reconsideration motion, not the merits of the underlying judgment whose alteration was sought." *Id.* at 404.

The Court therefore shall address Plaintiff's arguments solely in the context of Local Rule 6.3 and Rule 60.[5]

### III. Plaintiff and His Counsel Received Appropriate Notice and Opportunity to Be Heard

Plaintiff and his counsel argue that the Court failed to give them notice and an opportunity to respond in violation of 15 U.S.C. § 78u-4(c)(2). In addition, they maintain that they were entitled to a "hearing."

The PSLRA provides in relevant part: "Prior to making a finding that any party or attorney has violated Rule 11 of the Federal Rules of Civil Procedure, the court shall give such party or attorney notice and an opportunity to respond." 15 U.S.C. 78u-4(c)(2). In its Memorandum & Order dated May 22, 2009, the Court rejected the argument that there was an "absence of due process because of a claimed lack of notice of the request for sanctions" reasoning that "Defendants' notice of motion and supporting papers clearly sought sanctions pursuant to PSLRA." (Memorandum & Order dated May 22, 2009 at 10.) Emphasizing that the PSLRA requires "the *court*" to provide notice and an opportunity to respond, Plaintiff and his counsel argue that the "court's reliance upon defendants' notice - - not on any judicial notice - - [was] in violation of legislative command . . . constitutional due process, and applicable Second Circuit authority."

---

[5] The Court notes, however, that many of the arguments raised in the present application have been previously addressed by the Court and, given the absence of (1) any controlling law or factual matters that the Court overlooked, (2) an intervening change of controlling law; (3) the availability of new evidence, or (4) clear error, the standard for reconsideration has not been met. *See Mason v. Barbieri*, 2009 WL 223038, at *1 (2d Cir. Jul. 27, 2009) (summary order); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995*)*; *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790).

Initially, the Court notes that Plaintiff and his counsel failed to assert any impropriety in the notice that was received either (1) in their opposition to the Defendants' sanction motion, (2) in their objections to Judge Boyle's January Report, (3) in their objections to Defendants' legal fee application or (4) in their objections to the September Report. Thus, this argument has been waived.

Even assuming *arguendo* that Defendants' notice of motion and supporting papers were insufficient to fulfill the notice requirement and that notice by the *Court* was required, such notice was given. In accordance with this Court's Individual Practice Rules, Defendants filed a pre-motion conference letter seeking permission to move for summary judgment and for sanctions and setting forth the bases therefor. (*See* Dkt. No. 6.) After Plaintiff had an opportunity to, and did, in fact, respond (*see* Dkt. No. 8), the Court entered an Order permitting the motion to be made and setting a briefing schedule therefor, thereby satisfying any requirement that the Court give notice. Additional notice was given by Judge Boyle's January Report recommending that sanctions be imposed against Plaintiff and his counsel and specifying the basis for his Recommendation. *Cf. Brunig v. Clark*, 560 F.3d 292 (5th Cir. 2009) (holding plaintiff received ample notice of potential sanction award where magistrate judge sua sponte recommended Rule 11 sanctions and plaintiff had ample time to respond before the district court imposed sanctions); *Phelan v. Torres*, 2005 WL 4655382 (E.D.N.Y. Sept. 20, 2005) (holding that Second Circuit's procedural safeguards for the imposition of Rule 11 sanctions were satisfied and defendants received adequate notice where plaintiffs' moving papers in support of the motion for sanctions set forth the conduct believed to be sanctionable and discussed the relevant standards for imposing sanctions).

Plaintiff and his counsel also argue that they were entitled to a "hearing," the exact nature of which is unclear. It appears that Plaintiff and his counsel claim a right to an evidentiary hearing. First, the Court notes that the right to be heard does not necessarily equate to the right to a hearing. Moreover, under the PSLRA, sanctions are assessed under the standard of objective reasonableness. *See ATSI Communications, Inc. v. The Shaar Fund, Ltd.,* 579 F.3d 143, at * 5-6 (2d Cir. 2009). Given this standard and the absence of any need in the instant circumstance for the Court to make factual findings requiring the assessment of credibility, no evidentiary hearing was required. *See generally Mackler Prod. Inc. v. Cohen*, 225 F.3d 136, 146 (2d Cir. 2000) ( "[A] party facing sanctions in not necessarily entitled to an evidentiary hearing . . . due process requires, at a minimum that: (1) the party seeking to be compensated provide competent evidence, such as a sworn affidavit , , , and (2) the party facing sanctions have an opportunity to challenge the accuracy of such submissions . . . ."). Indeed, conspicuously absent from the papers submitted by Plaintiff and his counsel is any elucidation of what factual issues with regard to the imposition of sanctions required an evidentiary hearing.

Having had and taken advantage of the opportunity to oppose Defendants' motion for sanction, as well as to file objections to Judge Boyle's January Report, Plaintiff and his counsel did receive an appropriate opportunity to be heard. There is no requirement that the Court entertain a request for oral argument. Indeed, the Court's Individual Practice Rules specifically state that while "parties may request oral argument," "[t]he court will contact the parties if it elects to hold any oral argument . . . . However, the parties should not depend upon oral argument in order to present further evidence or argument. Instead, the parties must submit all of their evidence and arguments in the written motion." Individual Practice Rule 3(H). Nor does the

record support the claim by Plaintiff and his counsel that the Court "determin[ed] the issue of sanctions solely upon defendants' submissions." (Mem. in Supp. at 8.) Rather, Plaintiff had the opportunity to put forth its position both in the papers in opposition to the motion for summary judgment and sanctions and in the objections to Judge Boyle's January Report; Plaintiff's arguments were considered by both Judge Boyle and this Court.

Plaintiff and his counsel received appropriate notice and an opportunity to be heard.

## IV. The Safe Harbor of Rule 11 Does Not Apply to the PSLRA

Plaintiff's argument that Defendant's failure to both file a separate motion for sanctions or provide Rule 11's "safe harbor" is fatal to their request for sanctions is foreclosed by the recent decision in *ATSI Communications,* 225 F.3d 136. Therein, the Second Circuit held that "[t]he PSLRA sanctions provision forecloses the kind of safe harbor afforded in Rule 11(c)(2)." "[T]he statutory wording of the PSLRA puts private securities litigants on sufficient notice that their actions will be subject to Rule 11 findings." "By virtue of this statutory notice, considerations in the PSLRA context can never be *sua sponte* and can never come as a surprise, because Congress, not the court, has prompted and *mandated* a Rule 11 finding. *Id.* at *6 (emphasis in original).

## V. There Has Been a Final Adjudication Within the Meaning of the PSLRA

Under the PSLRA, "upon final adjudication of the action" a court is required to make specific findings regarding compliance with each requirement of Rule 11(b). *See* 15 U.S.C. § 78u-4(c)(1). Relying upon *Unite Here v. Cintas Corp.*, 500 F. Supp. 2d 332 (S.D.N.Y. 2007), Plaintiff and his counsel argue that because the state law claims were dismissed without prejudice, there has been no "final adjudication" as that term is used in the PSLRA. That

13

reliance is misplaced.

The *Unite* court held that "while '[t]he PSLRA does not define the term final adjudication and there is little case law on its meaning as it is used in Section 78u-4(c)(1)' a plaintiff's voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(I) does not constitute a final adjudication for the purpose of applying PSLRA Section 78u-4(c)." *Id.* at 337 (quoting *Blaser v. Bessemer Trust Co.*, 2002 WL 31359015, at *3 (S.D.N.Y. Oct. 21, 2002).

> Black's Law Dictionary defines adjudication as "the legal process of resolving a dispute; the process of judicially deciding the case." The American Heritage Dictionary defines adjudicate as "to hear and settle (a case) by judicial procedure." To the extent that plaintiff voluntarily dismissed [its] complaint without prejudice pursuant to Rule 41 (a)(1)(I), [a] dispute has not been "resolved" and the Court has not "decided" the case. Nor has it "heard and settled" the case. By the plain meaning of the term, there has been no "adjudication" in this case, let alone adjudication that is "final."

*Id.* (quoting *Blaser*, 2002 WL 3139015, *3).

Here, there has been no "voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(I)." Here, the Court has "heard and settled" the case. This Court determined that Defendants were entitled to summary judgment on the federal securities fraud claim on statute of limitations grounds and that, as a result of the elimination of the federal claim, the state law claims should be dismissed for lack of jurisdiction. Thus, there has been a final adjudication by this Court. *See DeMarco v. Depotech Corp.*, 131 F. Supp. 2d 1185 (S.D. Cal. 2001) (final adjudication within the meaning of the PSLRA occurs upon the district court's determination and final disposition of the underlying action); *see generally Gurary v. NuTech Bio-Med, Inc.*, 190 F.3d 37 (2d Cir. 1999) (affirming dismissal of federal claims on the merits and state law claims without prejudice for lack of jurisdiction and remanding to district court to make findings

14

required by PSLRA upon final adjudication of private action).

That this Plaintiff's state law claims were dismissed "without prejudice" does not preclude the Court's determination from constituting a "final adjudication" of the action. District courts may, pursuant to 28 U.S.C. 1368(c), and often do, decline to exercise supplemental jurisdiction over state law claims when all federal law claims have been dismissed. Such dismissals are "without prejudice." Acceptance of Plaintiff's argument that the dismissal of any claim without prejudice precludes a final adjudication under the PSLRA could permit circumvention of the PSLRA's mandatory sanctions inquiry by the assertion of a state law claim.

The Court's determination granting Defendants summary judgment on the federal securities law claims and dismissing the state law claims for lack of jurisdiction constituted a "final adjudication" within the meaning of the PSLRA.

## VI. Amendment of the Judgment Regarding the State Law Claims

Neither the judgment nor the amended judgment entered in this case reflects that the state law claims were dismissed without prejudice. Plaintiff is correct that the judgment should be amended once again to reflect that dismissal is without prejudice. Accordingly, the Court shall so direct.

## V. Defendants' Request for Additional Sanctions

In the opposition to the instant application, Defendants seek an additional $20,529.15 in sanctions representing additional fees incurred "since the last motion." Given the repetitive nature of many of the arguments raised in the instant application and that Plaintiff's argument regarding the state claims is meritorious, the Courts find that the additional fees sought are not reasonable, that the previously awarded $94,845.45 represents the "reasonable" attorneys fees

and costs incurred in this action and therefore denies the request.

## Conclusion

Having considered all the arguments of Plaintiff and his counsel, (1) the Clerk of Court is directed to amend the amended judgment pursuant to Rule 60(a) to reflect that the state laws claims are dismissed without prejudice; (2) in all other respects, the application of Plaintiff and his counsel (Dkt. No.58) is denied.

**SO ORDERED.**

Dated: Central Islip, New York
January 21, 2010

/s/
Denis R. Hurley
Senior District Judge