UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JOHN H. LIBAIRE, Jr.,

              Plaintiff,                      **MEMORANDUM & ORDER**

    -against-

                                                                   Civil Action No. 06-1500

MYRON KAPLAN, JANET KRUDOP,
NORTH FORK PRESERVE, INC. and
NORTH FORK PRESERVE, CO.,
                     Defendants.
----------------------------------------------------X

**APPEARANCES:**

**Stein Law, P.C.**
Attorneys for Plaintiff
24 Woodbine Avenue, Suite 4
Northport, New York 11768
By:    Mitchell A. Stein, Esq.

**Rosenberg Calica & Birney LLP**
Attorneys for Defendant
100 Garden City Plaza
Garden City, New York 11530
By:    Ronald J. Rosenberg, Esq.


**HURLEY, Senior District Judge:**

       Presently before the Court is defendants' letter application, pursuant to Fed. R. App. Pro. 10(e), to correct the record of this matter to include Exhibits "A" through "U" and permit the electronic filing of said exhibits so that a supplemental electronic record can be forwarded to the Second Circuit. For the reasons set forth below, the motion is granted.

**Background**

**I.  Procedural History**

       Plaintiff John H. Libaire Jr. ("Plaintiff") commenced this action on March 31,

2006 asserting causes of action for securities fraud, pursuant to Section 10-b of the Exchange Act of 1934, 15 U.S.C. § 78j (the "Exchange Act"), and Rule 10b-5 of the Securities and Exchange Commission promulgated thereunder, 17 C.F.R. § 240.10b-5 ("Rule 10b-5"), as well as common law fraud and breach of fiduciary duties.

By notice of motion dated March 23, 2007, defendants moved for summary judgment and for sanctions. Plaintiff opposed the motion. The motion was referred to Magistrate Judge Boyle.[1] By Report and Recommendation dated January 17, 2008 (the "Report"), Judge Boyle recommended that defendants' motion for summary judgment and for sanctions be granted, that plaintiff's complaint be dismissed in its entirety, and that plaintiff and his counsel be sanctioned in an amount equal to the amount of reasonable attorney's fees and costs incurred by defendants. Plaintiff filed objections to the Report. By Order dated March 24, 2008, the Court adopted Judge Boyle's Report in its entirety and referred the amount of sanctions to Judge Boyle. Following a second Report and Recommendation by Judge Boyle dated September 26, 2008 addressing the amount of sanctions and the Court's adoption thereof by Order dated May 22, 2009, judgment was entered and plaintiff filed an appeal therefrom on June 22, 2009.

Thereafter plaintiff moved to alter the judgment and for reconsideration. By Order dated January 21, 2010, the Court granted the motion to the extent of directing an amended judgment to reflect that the state laws claim were dismissed without prejudice but otherwise

---

[1] Defendants' motion was initially referred to Magistrate Judge Orenstein but was later referred to Judge Boyle when this case was reassigned to him. Parenthetically, the Court notes that in the event a motion is referred to a Magistrate Judge, the Court's usual practice is to forward any courtesy copies of the motion to that Magistrate Judge.

denied the motion. On February 25, 2010, Plaintiff filed a notice of appeal from the January 21, 2010 Order and the resulting amended judgment. Both appeals remain pending.

## II. The Present Dispute

In support of their motion for summary judgment and sanctions, defendants filed, inter alia, declarations of Myron Kaplan and Janet Krudop. Although both declarations refer to specifically described materials denoted as exhibits "A" though "U,"[2] no exhibits were not filed with the Clerk of Court via ECF. Rather the declarations filed on the Court's ECF system contain a notation "VOLUMINOUS EXHIBITS FILED WITH COURTESY COPY IN CHAMBERS." Inasmuch as the exhibits were not filed with the Clerk of Court, they were not part of the electronic record transmitted to the Second Circuit in connection with plaintiff's appeals. It is that omission which defendants' application seeks to correct.

Plaintiff opposes the motion. First, he argues the application is untimely, pointing to the three years that have past since the motion was filed, the four months that have passed since the Joint Appendix and Appellant's Brief were filed and the "weeks after Appellees' Brief was lodged." (Dkt. No. 74 at 1.) Second, he maintains that the documents were never before the Court and defendants cannot prove they were ever served. Finally, assuming courtesy copies had been delivered to Chambers, plaintiff asserts that the failure to file the exhibits is fatal to the application.

---

[2] By way of examples, Exhibit "A" and "B" are described as the Complaint and Answer, (*see* Kaplan Decl. at ¶ 2); Exhibit "C" as plaintiff's subscription agreement dated January 12, 1988, shareholder questionnaire, and check for $12,5000.00, (*see id.* at ¶3); Exhibit "G" as the Private Offering Memorandum dated July 12, 1982, and Exhibit "H" as the amendments to the Private Offering Memorandum, (*see id.* at ¶ 17).

**Discussion**

Rule 10 (e) of Federal Rules of Appellate Procedure provides in pertinent part:

(e) Correction or Modification of the Record.

    (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

    (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
        (A) on stipulation of the parties;
        (B) by the district court before or after the record has been
           forwarded; or
        (C) by the court of appeals.

    (3) All other questions as to the form and content of the record must be presented to the court of appeals.

Fed. R. App. P. 10(e).

With respect to the timing of the instant motion, "[u]nder Rule 10(e) it is clear that the district court may consider a motion to correct the record even after appeal has been taken." *United States v. Mori*, 444 F.2d 240, 246 (2d Cir. 1971). Rule 10(e) contains no time limit and at least one court has rejected as without merit an objection to the timing of a Rule 10(e) motion that was filed after the filing of the Appellant's brief. *See id.*; *see also United States v. Zichetto*, 208 F.3d 72 (2d Cir. 2000) (granting motion to amend made in the first instance in the court of appeals); *Salinger v. Randon House, Inc.*, 818 F.2d 252, 253 (2d Cir. 1987) (holding court of appeals has authority to supplement record on appeal even at late stage of appellate process, viz. after district court's decision denying preliminary injunction, appeal, and decision reversing

denial of preliminary injunction).  Thus, the timing of the instant motion does not warrant its denial.

The issue under Rule 10(e) is whether either (a) the record does not disclose what occurred in this Court or (b) something material has been omitted from the record due to error or accident.

Rule 5(d) of the Federal Rules of Civil Procedure requires that "[a]ll papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service."  Fed. R. Civ. P. 5(d).  It is the filing with the Clerk of Court that makes a document or object part of the record.  Today, documents are primarily filed electronically on the cm/ECF system, as opposed to being filed in paper form.  Some exceptions to electronic filing are permitted.

The Eastern District of New York has on its website a "cm/ECF User's Guide" ("User's Guide") which contains the following direction regarding the filing of exhibits:

> Exhibits must also be electronically filed.  If, for some reason, the exhibits cannot be electronically filed, they may be filed in hard copy.  Warning: before filing exhibits in hard copy, you must check your judicial officer's rules to see if leave of court is required.
> **The exhibits filed in hard copy should have a cover sheet containing the case caption, the assigned judge and docket number, and a label that the documents are "Original Exhibits to [name of ECF filed document]."**
> When e filing the document that the exhibits are supporting, note in that filing that your exhibits will be **filed** in hard copy.  Attached to this Guide is a sample form that may be attached to the documents you are filing in hard copy.  This form may also be filed.  **This form will advise the court and parties that such exhibits are being filed in paper form.**

User's Guide at 9 (emphasis added).

Also relevant is Rule 1(E) of this Court's Individual Practice Rules, which provides:

> Parties filing voluminous or non-text exhibits may choose to file only hard copies of those exhibits when filing them electronically is impractical or impossible. If exhibits are not electronically filed, **one copy of each exhibit must be clearly marked "ORIGINAL" and another "COURTESY COPY." Related papers that are electronically filed must clearly indicate that exhibits have been filed by hard copy.**

Individual Practice Rule 1(E) (emphasis added).

The User's Guide makes clear that it is the responsibility of the party filing oversized exhibits in paper form to submit a hard copy thereof clearly denoted as "original" exhibits and to notify both the court and the parties that exhibits are being filed with the Clerk of Court only in hard copy. This Court's Individual Practice Rules make clear that two copies of oversized exhibits must be submitted: (1) an "original" for the Clerk of Court's file, i.e., a copy for the record, and (2) a courtesy copy for the use of Chambers.

It is obvious that neither the procedure set forth in the User's Guide, nor the Court's Individual Practice Rules were followed by defendants in this case. As a result of the failure to submit a clearly marked paper "Original" of the exhibits to the Clerk's Office and the Court's practice of discarding courtesy copies upon resolution of a motion, to the extent exhibits may have been submitted to the Court attached to the courtesy copy of the motion papers, the exhibits have not been maintained. Nor, frankly, does the Court have any specific recollection of whether exhibits were submitted to it. Based, however, on the Report rendered by Judge Boyle on the motion for summary judgment and sanctions together with the delineation of exhibits "A" through "U" in the Kaplan and Krudop Declarations, it appears probable to the Court that "the

evidence to be supplemented [viz. the exhibits to the Kaplan and Krudop Declaration] was before [this] court in the course of its proceedings leading to the judgment under review . . . ."

*Robinson v. Sanctuary Record Groups, Ltd.,* 589 F. Supp. 2d 273, 275 (S.D.N.Y. 2008).

Judge Boyle's Report refers to exhibits to the Kaplan Declaration a number of times. (*See* Report.) The following are some of the references thereto:

> "The terms and conditions of the Offering were detailed in Private Offering Memorandum, dated July 12, 1982, which was subsequently amended on several occasions. (Kaplan Decl. ¶ 17 and Ex. G and H, annexed thereto . . . .)" Report at 3.
>
> "In connection with the purchase, plaintiff signed a Subscription Agreement and Questionnaire and tendered a check in the foregoing amount. (Kaplan Decl. ¶ 19 and Ex. C, annexed thereto; Krudop Decl. ¶ 5.)" Report at 4.
>
> "In November 2004, the minority shareholders of NFP, Inc. commenced an action in New York Supreme Court against Kaplan, the Estate fo Robert Krudop, Janet Krudop, NFP, Co. and NFP, Inc. . . . alleging causes of action . . . based on allegation of waste, fraud, misconduct, corporate mismanagement and breach of fiduciary duty by the defendants. (Kaplan Decl. ¶ 33 and Ex. D, annexed thereto.)" Report at 4.
>
> "[M]any of plaintiffs' allegations in the State Court Action were dismissed as either time-barred or without legal merit. ([Kaplan Decl.] ¶ 35 and Ex. L, annexed thereto.)" Report at 4.
>
> "Defendants moved to stay enforcement of the New York Supreme Court's June 9, 2005 decision pending appeal, which was granted by the Appellate Division on July 20, 2005 ([Kaplan Decl.] at ¶ 37 and Ex. M. annexed thereto.)" Report at 5.
>
> "The Appellate Division ultimately upheld the dismissals issued by the trial court and further dismissed certain other allegations that the trial court failed to dismiss. ([Kaplan Decl.] ¶¶ 35, 38 and Ex. N, annexed thereto.)" Report at 5.

Although the Report does not specifically mention all of the exhibits, presumably, given Judge

Boyle's penchant for thoroughness, the absence of one or more of the purported attachments would not have escaped his notice and comment. It is thus apparent to this Court that the exhibits which Defendants now seek to file were probably placed before the Court, albeit unbeknownst to the Court not filed with the Clerk, for its consideration in connection with the motion for summary judgment. That the exhibits are not part of the record because of defendants' error is of no moment as the Rule's "error or accident" language is not limited "to something done or not done by the district court clerk which results in a material omission from the record." *Marron v. Atlantic Refining Co.,* 176 F.2d 313 (3d Cir. 1949). As it appears that the exhibits were placed before the Court for its consideration and the Court in fact considered at least some of them, the exhibits enumerated in the Kaplan and Krudop declarations should be made part of the record. *See Lewis Invisible Stitch machine Co. v. Popper*, 35 F. Supp. 664 (E.D.N.Y. 1940) (granting motion to include in the record copies of patents which, although not part of contempt motion papers, were offered in open court and examined and considered by district judge on argument of motion to punish for contempt as such patents were essential for consideration of appeal from order on contempt motion); *cf. United States v. Elizalde-Adame*, 262 F.3d 637 (7th Cir. 2001) ("purpose of Rule 10(e) is to ensure that record on appeal accurately reflects proceedings in the trial court (thereby allowing [appellate court] to review the decision that the trial court made in light of the information that was actually before it) . . . .").[3]

---

[3] Plaintiff cites *Robinson*, 589 F. Supp.2d at 275, and *Miro v. Plumbers Nat'l Pension Fund*, 2002 WL 31357702 (S.D.N.Y. Oct. 17, 2002), for the proposition that the failure to file is fatal to the instant application. To the extent these cases contain language suggesting that unfiled papers cannot be added to the record they are distinguishable. Unlike the present case, there is no indication that the unfiled papers in *Robinson* and *Miro* were actually considered by those courts in rendering the decision that was thereafter appealed.

Plaintiff challenges whether the exhibits in question were actually served upon him. According to Plaintiff's counsel, they "have searched [their] files and cannot anywhere find the 'full set of bound motion papers' that defendants purportedly served." (Dkt. No. 74 at 4.) The affidavit of service filed on ECF by defendants with their motion does not specifically state the exhibits were served. Rather, the affidavit merely attests that the "annexed notice of motion" was served. As the annexed notice did not contain actual exhibits but only the statement that "voluminous exhibits filed with courtesy copy in chambers" (*see* Dkt. No. 21-4, 21-5), it is possible (although, as explained below, unlikely) that Plaintiff was not served with the referenced exhibits. On the other hand, the Court has re-reviewed plaintiff's opposition to the summary judgment motion. Despite (a) the ECF copy of the motion referencing voluminous exhibits, (b) the Kaplan and Krudop declarations specifically describing exhibits "A" through "U" and reciting that those exhibits were annexed thereto, and (c) the citations to exhibits in defendants' Rule 56.1 Statement (*see, e.g.,* Dkt. No. 23 at ¶¶ 4, 8-10, 17, 20, 25- 27), nowhere in plaintiff's opposition papers to the summary judgment motion is there any mention of any failure of defendants to serve plaintiff with copies of exhibits. (*See* Dkt. Nos. 24- 27.) Similarly, despite the references to defendants' exhibits in Judge Boyle's Report, Plaintiff's objections thereto make no mention of not having received exhibits. (*See* Dkt. No. 31.) Given plaintiff's silence at the time the motion was briefed and under consideration, he can hardly be heard to raise non-service at this point.

**Conclusion**

For the reasons set forth above, defendants' application to correct the record of this matter to include Exhibits "A" through "U" as identified in the declarations of Kaplan and Krudop and to permit the electronic filing of said exhibits so that a supplemental electronic record can be forwarded to the Second Circuit is granted.

**SO ORDERED.**

Dated: Central Islip, New York
June 7, 2010

/s/
Denis R. Hurley
Senior District Judge