record support the claim by Plaintiff and his counsel that the Court "determin[ed] the issue of sanctions solely upon defendants' submissions." (Mem. in Supp. at 8.) Rather, Plaintiff had the opportunity to put forth its position both in the papers in opposition to the motion for summary judgment and sanctions and in the objections to Judge Boyle's January Report; Plaintiff's arguments were considered by both Judge Boyle and this Court.

Plaintiff and his counsel received appropriate notice and an opportunity to be heard.

### IV. The Safe Harbor of Rule 11 Does Not Apply to the PSLRA

Plaintiff's argument that Defendant's failure to both file a separate motion for sanctions or provide Rule 11's "safe harbor" is fatal to their request for sanctions is foreclosed by the recent decision in *ATSI Communications,* 225 F.3d 136. Therein, the Second Circuit held that "[t]he PSLRA sanctions provision forecloses the kind of safe harbor afforded in Rule 11(c)(2)." "[T]he statutory wording of the PSLRA puts private securities litigants on sufficient notice that their actions will be subject to Rule 11 findings." "By virtue of this statutory notice, considerations in the PSLRA context can never be *sua sponte* and can never come as a surprise, because Congress, not the court, has prompted and *mandated* a Rule 11 finding. *Id.* at *6 (emphasis in original).

### V. There Has Been a Final Adjudication Within the Meaning of the PSLRA

Under the PSLRA, "upon final adjudication of the action" a court is required to make specific findings regarding compliance with each requirement of Rule 11(b). *See* 15 U.S.C. § 78u-4(c)(1). Relying upon *Unite Here v. Cintas Corp.*, 500 F. Supp. 2d 332 (S.D.N.Y. 2007), Plaintiff and his counsel argue that because the state law claims were dismissed without prejudice, there has been no "final adjudication" as that term is used in the PSLRA. That

13

reliance is misplaced.

The *Unite* court held that "while '[t]he PSLRA does not define the term final adjudication and there is little case law on its meaning as it is used in Section 78u-4(c)(1)' a plaintiff's voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(I) does not constitute a final adjudication for the purpose of applying PSLRA Section 78u-4(c)." *Id.* at 337 (quoting *Blaser v. Bessemer Trust Co.*, 2002 WL 31359015, at *3 (S.D.N.Y. Oct. 21, 2002).

> Black's Law Dictionary defines adjudication as "the legal process of resolving a dispute; the process of judicially deciding the case." The American Heritage Dictionary defines adjudicate as "to hear and settle (a case) by judicial procedure." To the extent that plaintiff voluntarily dismissed [its] complaint without prejudice pursuant to Rule 41 (a)(1)(I), [a] dispute has not been "resolved" and the Court has not "decided" the case. Nor has it "heard and settled" the case. By the plain meaning of the term, there has been no "adjudication" in this case, let alone adjudication that is "final."

*Id.* (quoting *Blaser*, 2002 WL 3139015, *3).

Here, there has been no "voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(I)." Here, the Court has "heard and settled" the case. This Court determined that Defendants were entitled to summary judgment on the federal securities fraud claim on statute of limitations grounds and that, as a result of the elimination of the federal claim, the state law claims should be dismissed for lack of jurisdiction. Thus, there has been a final adjudication by this Court. *See DeMarco v. Depotech Corp.*, 131 F. Supp. 2d 1185 (S.D. Cal. 2001) (final adjudication within the meaning of the PSLRA occurs upon the district court's determination and final disposition of the underlying action); *see generally Gurary v. NuTech Bio-Med, Inc.*, 190 F.3d 37 (2d Cir. 1999) (affirming dismissal of federal claims on the merits and state law claims without prejudice for lack of jurisdiction and remanding to district court to make findings

14

required by PSLRA upon final adjudication of private action).

That this Plaintiff's state law claims were dismissed "without prejudice" does not preclude the Court's determination from constituting a "final adjudication" of the action. District courts may, pursuant to 28 U.S.C. 1368(c), and often do, decline to exercise supplemental jurisdiction over state law claims when all federal law claims have been dismissed. Such dismissals are "without prejudice." Acceptance of Plaintiff's argument that the dismissal of any claim without prejudice precludes a final adjudication under the PSLRA could permit circumvention of the PSLRA's mandatory sanctions inquiry by the assertion of a state law claim.

The Court's determination granting Defendants summary judgment on the federal securities law claims and dismissing the state law claims for lack of jurisdiction constituted a "final adjudication" within the meaning of the PSLRA.

**VI.    Amendment of the Judgment Regarding the State Law Claims**

Neither the judgment nor the amended judgment entered in this case reflects that the state law claims were dismissed without prejudice. Plaintiff is correct that the judgment should be amended once again to reflect that dismissal is without prejudice. Accordingly, the Court shall so direct.

**V.    Defendants' Request for Additional Sanctions**

In the opposition to the instant application, Defendants seek an additional $20,529.15 in sanctions representing additional fees incurred "since the last motion." Given the repetitive nature of many of the arguments raised in the instant application and that Plaintiff's argument regarding the state claims is meritorious, the Courts find that the additional fees sought are not reasonable, that the previously awarded $94,845.45 represents the "reasonable" attorneys fees

15

and costs incurred in this action and therefore denies the request.

## Conclusion

Having considered all the arguments of Plaintiff and his counsel, (1) the Clerk of Court is directed to amend the amended judgment pursuant to Rule 60(a) to reflect that the state laws claims are dismissed without prejudice; (2) in all other respects, the application of Plaintiff and his counsel (Dkt. No.58) is denied.

**SO ORDERED.**

Dated: Central Islip, New York
       January 21, 2010

                                              /s/
                                              Denis R. Hurley
                                              Senior District Judge

# Exhibit G

# Subpoena

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| JOHN H. LIBAIRE, JR. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  CV-06-01500 (DRH)(MLO) |
| MYRON KAPLAN, et al. | ) | |
| | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Mitchell A. Stein, Esq.
   24 Woodbine Avenue, Suite 4, Northport, New York 11768

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Rosenberg Calica & Birney LLP<br>100 Garden City Plaza, Suite 408<br>Garden City, New York 11530 | Date and Time:<br>07/28/2010 10:00 am |
|---|---|

The deposition will be recorded by this method:  **stenographic**

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

   See attached Schedule A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  06/21/2010

*CLERK OF COURT*

OR  /s/ Lesley A. Reardon

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Janet Krudop, North Fork Preserve Inc. and North Fork Preserve Co.    , who issues or requests this subpoena, are:
Lesley A. Reardon, Esq.                                              lreardon@rcblaw.com
Rosenberg Calica & Birney LLP                                        (516) 747-7400
100 Garden City Plaza, Suite 408, Garden City, New York 11530

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. CV-06-01500 (DRH)(MLO)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE "A"

### REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to the annexed Subpoena to Testify at a Deposition in a Civil Action, the Judgment Creditors, by their counsel, hereby propound the following Request for Production of Documents upon Mitchell A. Stein, Judgment Debtor.

### I
### DEFINITIONS AND INSTRUCTIONS

1.　"Judgment Creditors" refer to Myron Kaplan, Janet Krudop, North Fork Preserve, Inc., and North Fork Preserve Co.

2.　"Judgment Debtor" refers to Mitchell A. Stein.

3.　This request is intended to cover documents in the possession of the Judgment Debtor, or subject to his custody and control, whether directly or indirectly. A document is deemed to be in the possession, custody and control of the Judgment Debtor if (a) it is in the physical control of the Judgment Debtor or (b) it is in the physical control of any other person and the Judgment Debtor:

　　　i.　owns the documents in whole or in part;

　　　ii.　has a right by contract, statute or otherwise to use, inspect, examine or copy the document on any terms; or

　　　iii.　has, as a practical matter, been able to use, inspect, examine or copy the document when it has sought to do so.

4.　Each request for a document to be produced contemplates production of the document in its entirety, without abbreviations or deletions.

5.　To avoid uncertainty regarding the documents sought by Judgment Creditors, certain terms used in this request are defined below:

　　　(a)　the term "document" is used in the broadest sense and includes, but is not

limited to, original and non-identical copies, whether by reason of marginal notes, attachments or other notes or alterations, and means, without limitation, the following items, whether printed, recorded, reproduced by any other mechanical, magnetic or electronic process or handwritten: agreements, contracts, specifications, conditions, addenda, exhibits, communications, state, federal and local governmental hearings and reports, correspondence, telegraphs, or telegrams, cables, telexes, telecopies, memoranda, records, books, summaries or records of personal conversations or interviews, diaries, calendars, daytimers, graphs, charts, maps, diagrams, reports, pictures, recordings, tapes, accounts, analytical records, summaries, records or notes of meetings or conferences, memoranda, bills, statements, working papers, records or notes of telephone calls or negotiations, appraisals, photographs, motion picture films, brochures, pamphlets, bulletins, advertisements, circulars, advertising literature, press releases, drafts, letters, projections, securities, ledgers, checks (front and backs), check stubs, receipts, videotapes and other papers or writings of any character or description. The term "document" also includes, but is not limited to, any information contained in any computer or information retrieval devices, any marginal comments appearing on or affixed to any document and other writings.

      (b)    the term "correspondence" means any written communication, including but not limited to letters, memorandum, notes, notations, and e-mail.

      (b)    the term "communication" means any oral or written utterance, notation or statement of any nature whatsoever, by or to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements and other understandings, between or among two or more persons.

      (c)    the term "person" includes natural persons, corporations, partnerships,