Exhibit I

Plaintiff's Proposed Protective Order and Accompanying Email

## Erik Zarkowsky

**From:** Steven Altman, Esq. [saltman@altmanco.net]
**Sent:** Thursday, August 26, 2010 2:15 PM
**To:** Lesley Reardon
**Cc:** Mitch Stein; Erik Zarkowsky
**Subject:** Libaire v. Kaplan, etc., 06 Civ 1500
**Attachments:** Libaire Protective Order (SA Proposal).pdf

Lesley:
I have not heard form your colleague, John Cuilla, since we appeared before Magistrate Boyle on August 5 and do not have his direct email.
May I thus trouble you to forward this email to him if he, and not you, will be the person responsible for this matter going forward?
During that appearance, Magistrate Boyle suggested/directed us to stipulate to a Protective Order and then work together to narrow the scope of documents and information sought in your June 21, 2010 subpoena in what we believe is will be the unlikely event our motion to quash is not granted. To that end, I have taken the liberty of drafting a proposed Protective Order, a copy of which is attached. Please let me know if it is acceptable. It is in our view fair and even handed and in a form that we have used successfully in numerous other cases.
SA

Steven Altman, Esq.
Altman & Company P.C.
260 Madison Avenue, 22nd Floor
New York, New York 10016
212-683-7600 - phone
212-683-7655 - fax
917-207-3001 - mobile
646-349-3387 - direct efax
SAltman@AltmanCo.net

The information contained in this e-mail and any document attached to it may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated recipient. If the reader of this communication is not the intended recipient, or an employee or agent of the person who is responsible for delivering it to that person, you must notify the intended recipient that any review, dissemination, distribution, copying or other use of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail and promptly delete the original e-mail communication and any attached documentation.
Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.

**Erik Zarkowsky**

| | |
|---|---|
| **From:** | Lesley Reardon [lesley@rcblaw.com] |
| **Sent:** | Friday, August 27, 2010 11:43 AM |
| **To:** | Steven Altman, Esq. |
| **Cc:** | Mitch Stein; Erik Zarkowsky |
| **Subject:** | RE: Libaire v. Kaplan, etc., 06 Civ 1500 |

John is on vacation this week.  I will forward this to him so he will see it on Monday.  His direct email is john@rcblaw.com.

-----Original Message-----
From: Steven Altman, Esq. [mailto:saltman@altmanco.net]
Sent: Thursday, August 26, 2010 2:15 PM
To: Lesley Reardon
Cc: Mitchell Stein; Erik Zarkowsky
Subject: Libaire v. Kaplan, etc., 06 Civ 1500

Lesley:
I have not heard form your colleague, John Cuilla, since we appeared before Magistrate Boyle on August 5 and do not have his direct email.
May I thus trouble you to forward this email to him if he, and not you, will be the person responsible for this matter going forward?
During that appearance, Magistrate Boyle suggested/directed us to stipulate to a Protective Order and then work together to narrow the scope of documents and information sought in your June 21, 2010 subpoena in what we believe is will be the unlikely event our motion to quash is not granted.  To that end, I have taken the liberty of drafting a proposed Protective Order, a copy of which is attached.  Please let me know if it is acceptable.  It is in our view fair and even handed and in a form that we have used successfully in numerous other cases.
SA

Steven Altman, Esq.
Altman & Company P.C.
260 Madison Avenue, 22nd Floor
New York, New York 10016
212-683-7600 - phone
212-683-7655 - fax
917-207-3001 - mobile
646-349-3387 - direct efax
SAltman@AltmanCo.net

The information contained in this e-mail and any document attached to it may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated recipient. If the reader of this communication is not the intended recipient, or an employee or agent of the person who is responsible for delivering it to that person, you must notify the intended recipient that any review, dissemination, distribution, copying or other use of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail and promptly delete the original e-mail communication and any attached documentation.
Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN H. LIBAIRE, Jr.,

                Plaintiff,                        06 Civ. 1500 (DRH)(ETB)

    - against -

MYRON KAPLAN, JANET KRUKOP,          **PROTECTIVE ORDER**
NORTH FORK PRESERVE INC. and
NORTH FORK PRESERVE, CO.,

                Defendants.

      **WHEREAS**, during the course of this action, a receiving party ("receiving party") will receive information which the producing party ("producing party") considers to be of a highly confidential, trade secret nature or of a lower confidential, proprietary, business or commercial nature, in both cases requiring the imposition of restrictions against unauthorized access, viewing, use and disclosure;

      **NOW, THEREFORE**, upon consideration of the record and proceedings herein and the stipulation of the parties;

      **IT IS ORDERED THAT:**

**INFORMATION SUBJECT TO THIS ORDER**

      1.     For the purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all material or information which the producing party considers in good faith to contain or to constitute trade secrets or confidential, proprietary, or sensitive business or commercial information in which a party has a good faith privacy interest, whether embodied in documents,

1

things, oral testimony or otherwise, and which has been so designated by the producing party in the manner set forth hereinafter.

2.    In addition, certain sensitive, highly CONFIDENTIAL INFORMATION may be designated in good faith by the producing party as "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY". For the purposes of this Order, HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION shall be deemed a subclass of CONFIDENTIAL INFORMATION, over which further restriction against access, use and disclosure is warranted and includes, *e.g.*, formulae, prospective deals, client and prospect lists, strategic and business plans, and other information that a party would ordinarily safeguard from its competitors.

**AFFIXING OF NOTICE**

3.    CONFIDENTIAL INFORMATION contained in physical objects or documents, including any diskettes, magnetic or removable media, transcripts, exhibits, answers to interrogatories and other discovery requests, or copies thereof shall be designated by stamping or affixing thereto the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY." (The legend "RESTRICTED INFORMATION Pursuant to Protective Order" is the equivalent of "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" and documents so designated shall be treated in the same manner.) Any and all information contained in any document or object so designated shall be handled and treated by the receiving party in accordance with this Order.

4.    All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated pursuant to paragraph 3 shall be designated by the producing party by so informing the receiving party in writing or on the record of any deposition.

## PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

5.      Subject to the provisions of paragraph 6, persons authorized to receive CONFIDENTIAL INFORMATION (hereinafter "qualified recipient") shall only include:

(a)      attorneys retained by the receiving party, as well as members of the paralegal, secretarial or clerical staff who are assisting in connection with this action and Experts, as discussed below;

(b)      except with respect to HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION, deposition witnesses, employees and members of the respective party receiving CONFIDENTIAL INFORMATION in this action who have complied with the provisions of paragraph 6 and who counsel for that party reasonably believes it necessary to show such INFORMATION, it being expressly understood that no HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION may be revealed other than to the qualified recipients identified in paragraph 5(a), 5(c) and 5(d);

(c)      the Court, its personnel, and shorthand reporters or videographers who take and transcribe testimony in connection with this action, as well as necessary secretarial and clerical assistants; and

(d)      expert witnesses in accordance with paragraph 7.

6.      Counsel desiring to disclose CONFIDENTIAL INFORMATION other than HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION to any qualified recipient identified in paragraph 5(b) shall have such person:

-3-

(a)    read this Order and the Non-disclosure Agreement attached hereto as Exhibit "A," and shall explain the contents thereof; and

(b)    execute a Non-disclosure Agreement in the form attached hereto as Exhibit "A."

Upon request, counsel shall furnish an affidavit stating that all individuals who have had access to Confidential Information signed a Non-Disclosure Agreement before reviewing such materials.  Counsel shall maintain the originals of such Non-Disclosure Agreements.

**EXPERT WITNESSES**

7.    If counsel for a receiving party determines that for purposes of this action, certain documents or information produced by counsel for a disclosing party and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION must be revealed to a person employed to act as an expert in this action, then counsel for the receiving party may reveal the designated documents or information to such person only after complying with the following:

(a)    Counsel for the receiving party shall have the expert read this Order and the Non-disclosure Agreement attached hereto as Exhibit "A," and shall explain the contents thereof to such expert; and

(b)    Counsel for the receiving party shall have the expert execute a Nondisclosure Agreement in the form attached hereto as Exhibit "A."

For each person who is designated as a testifying expert, counsel for the receiving party shall provide a copy of the executed Non-disclosure Agreement to opposing counsel at the same time as expert reports are required to be served or, if no such time shall be fixed, then at the time

of the expert's deposition, and shall otherwise maintain the originals of Non-disclosure Agreements signed by such party's experts.

Nothing in this section shall be deemed to enlarge the right of any party to conduct discovery of another party's experts.  In no event shall any employee, partner, owner, or other person affiliated with a party be designated as an expert for purposes of this section.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

8.     CONFIDENTIAL INFORMATION shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed or made accessible to any person who is not a qualified recipient.  CONFIDENTIAL INFORMATION shall be maintained in a manner that is reasonably designed to prevent access by or disclosure to anyone except qualified recipients. HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION shall be maintained in a manner that is reasonably designed to prevent access by or disclosure to anyone except counsel, employees of counsel assisting counsel in the prosecution or defense of this matter, and experts retained by counsel.

9.     With regard to submissions to the Court, unless otherwise ordered by the Court, all information and documents of any nature (including any of the foregoing documents as well as any other documents including briefs, motions, transcripts, etc.) that contain CONFIDENTIAL INFORMATION shall be submitted in complete form *in camera* to the Court, and filed with the clerk in redacted form with no CONFIDENTIAL INFORMATION contained therein.  All submissions to the Court shall contain a cover page bearing the legend "CONTAINS CONFIDENTIAL INFORMATION THAT IS SUBMITTED FOR IN CAMERA USE BY THE COURT PURSUANT TO THE COURT'S ORDER DATED _____ __, 2010."

10.     Only qualified recipients and counsel may be present at a deposition at which CONFIDENTIAL INFORMATION is presented, except that insofar as possible, the qualified recipients named in paragraph 5(b) shall not be present during that part of any examination concerning HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION.

11.     Nothing in this Order constitutes a finding that any of the information disclosed or contained in the produced documents or objects is CONFIDENTIAL INFORMATION (or HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION) and nothing herein shall prevent any party from contending, during the progress of this lawsuit, that any or all such information is not confidential.  Any party may request the party asserting confidentiality to cancel the CONFIDENTIAL INFORMATION (or HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION) designation with respect to all or part of any document, thing and/or information, and, in the event the dispute remains unresolved, may move the Court for an order declassifying any CONFIDENTIAL or HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION.  Unless and until the objection is resolved by agreement or is overruled by the Court, the CONFIDENTIAL INFORMATION (or HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION) designation shall remain in force and effect. On such a motion, the person asserting confidentiality shall have the burden of establishing the same.  A failure of any party to challenge a claim of confidentiality shall not constitute acquiescence to such a claim if a question of a party's treatment of information as CONFIDENTIAL (or HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION) in compliance with this Stipulated Protective Order is subsequently raised.

## MISCELLANEOUS

12.    This Order shall be without prejudice to the right of any party to oppose production of any information an any ground other than the presence of CONFIDENTIAL (or HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY) INFORMATION.

13.    The designation of CONFIDENTIAL INFORMATION pursuant to this Order shall not be construed as a concession by the disclosing party that such information is relevant or material to any issue or otherwise discoverable, or a concession by the receiving party that it is in fact confidential or a trade secret. The parties' agreement to this stipulated Protective Order, and their designation of documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION, shall not (a) be admissible as evidence for any purpose whether on motion, during a hearing, or at trial, (b) be referred to in any submission to the Court, except on discovery matters, and (c) give rise to an inference that any material claimed to be a trade secret, proprietary, or otherwise protectable intellectual property is such.

14.    Nothing contained in this Order shall affect or restrict the rights of any party with respect to its own documents or with respect to information known to it prior to, or independent of, discovery in this action, nor does consent hereto by a party constitute a waiver of any right under any pre-existing contract or other rights, including the right to seek and obtain injunctive relief. This provision, however, does not permit a receiving party from giving or disclosing the disclosing party's designated documents and things to a non-qualified recipient.

15.    Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the counsel of record for the party against which such waiver will be effective.