```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
```

JOHN H. LIBAIRE, Jr.,

                Plaintiff,

         -against-

MYRON KAPLAN, JANET KRUDOP,
NORTH FORK PRESERVE, INC. and
NORTH FORK PRESERVE, CO.,

                Defendants.

**MEMORANDUM & ORDER**
**06 CV 1500 (DRH)(ETB)**

```
----------------------------------------------------------X
```
**HURLEY, Senior District Judge:**

**Appearances:**

**Altman & Company P.C.**
Attorneys for Judgment Debtors
260 Madison Avenue, 22nd Floor
New York, New York 10016
By:    Steven Altman, Esq.

**Rosenberg Calica & Birney LLP**
Attorneys for Defendants
100 Garden City Plaza
Suite 408
Garden City, NY 11530
By:    Ronald J. Rosenberg

        The following Memorandum and Order adopts the portion of Magistrate Judge Boyle's June 17, 2011 Report and Recommendation which awards defendants $83,557.74 in fees and costs related the judgment debtors' frivolous February 25, 2010 appeal to the Second Circuit, and modifies the recommended allocation of liability, as set forth below.

## BACKGROUND

On May 22, 2009, the Court adopted a prior Report and Recommendation of Judge Boyle which recommended final judgment against the judgment debtors[1] in the amount of $94,845.45. (Docket No. 51.) The Clerk of Court entered judgment accordingly, and the judgment debtors unsuccessfully appealed the matter to the Second Circuit. *See Libaire v. Kaplan*, 395 Fed. Appx. 732 (2d Cir. 2010). On February 1, 2011, the Circuit granted defendant-appellees' motion for attorney's fees and costs, determining that the appeal was frivolous. *Libaire v. Kaplan*, No. 09-2659-cv (2d Cir. Feb 1, 2011)(hereinafter "Remand Order"). The matter was remanded to this Court to determine the amount of the award and the "allocation of those amounts between Plaintiff-Appellant and his counsel." *Id.*

Thereafter, I referred the matter to Judge Boyle for an inquest on fees and costs. Now before the Court is Judge Boyle's June 17, 2011 Report and Recommendation ("Report") recommending that defendants be awarded a total of $83,557.74 with liability apportioned as follows: plaintiff, John H. Libaire, Jr. ("Libaire") is responsible for 10 percent; Mitchell Stein ("Stein"), counsel to plaintiff, is responsible for 45 percent; and Steven Altman ("Altman"), counsel to judgment debtors, is responsible for the remaining 45 percent.[2] (Report at 24, docket no. 130.)

Both sides have submitted timely objections. The appellate debtors argue primarily that "[n]o award or at least a nominal award should be made against plaintiff and his counsel, and certainly no award whatsoever should be made against appellate counsel Altman." (Objections to June 17, 2011 Report and Recommendation by Plaintiff and his Counsel ("ADs' Obj.") at 2, docket no. 133.) Defendants object only to the portion of the Report that recommends how the

---

[1] The term "judgment debtors" refers collectively to plaintiff John H. Libaire and his counsel, Mitchell Stein.
[2] These three individuals are hereinafter referred to as the "appellate debtors" or "ADs".

award should be apportioned, arguing that all three appellate debtors should be held jointly and severally liable for the entire amount. (Ds' Obj. at 6.)

## DISCUSSION

I. **STANDARD OF REVIEW**

Rule 72(b) provides that "a district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "The *de novo* review requires the district court neither to 'rehear the contested testimony' nor to 'conduct a new hearing on contested issues.'" *Gutman v. Klein*, No. 03 Civ. 1570 (BMC)(RML), 2010 U.S. Dist. LEXIS 124707, *4 (E.D.N.Y. Nov. 24, 2010) (quoting *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980)). Moreover, even on *de novo* review, a district court will generally "refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." *Kennedy v. Adamo*, No. 02-CV-01776-ENV-RML, 2006 U.S. Dist. LEXIS 93900, *2-*3 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks, alterations, and citations omitted). The Court reviews Judge Boyle's Report *de novo*.

II. **THE SCOPE OF THE COURT'S REVIEW ON REMAND**

The appellate debtors' objections open by quoting Federal Rule of Appellate Procedure ("FRAP") 38 – the rule under which the Second Circuit granted defendants "attorneys' fees and costs as sanctions against Plaintiff-Appellant and his counsel for filing a frivolous appeal." (*See*

Remand Order at 1.)  The appellate debtors' recitation of the rule emphasizes its permissive language, noting, for example, that "sanctions *may* include the granting of reasonable attorneys' fees," and that there is no "bright-line rule" or clear standard for the imposition of Rule 38 sanctions. (ADs' Obj. at 3(citing the rule and cases)(emphasis provided in objection papers)). From here, the appellate debtors then assail Judge Boyle for failing to make a finding in his Report that "the appeal was groundless, without foundation and without merit." (Id. at 6.)  The appellate debtors further contend that Judge Boyle improperly "side stepped" this purportedly necessary finding, suggesting that the Second Circuit's sanctions order never actually specified that the "entire" appeal was frivolous. (Id. at 6, n.1.)

These arguments, however, fall well outside the limited scope of this Court's jurisdiction on remand to "calculate" fees and costs and "enter and order against appellants in the appropriate amounts."  Although the permissive nature of FRAP 38's language gives the Second Circuit discretion whether to impose sanctions for frivolous appeals, it does not give this Court that same option, nor does it in any way permit this Court to ignore direct remand orders from the Circuit.

Judge Boyle was particularly thorough in addressing this very issue in his Report, citing to a number of authorities in support of his unquestionably correct decision to "not revisit the Second Circuit's frivolousness determination as plaintiff seeks to argue here." (Report at 5; *see id.* ("The 'law of the case' doctrine 'compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court."(quoting *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001)).)

The Circuit exercised its discretion under Rule 38, unequivocally determined that the "appeal is frivolous," and ordered this Court to calculate and apportion reasonable attorneys' fees and costs associated with that appeal.  The appellate debtors' suggestion that the Circuit never

4

found the "entire" appeal frivolous, and somehow carved out room to revisit the merits of the Order on remand is incorrect.[3] No reading of the Circuit's Order lends itself to such a conclusion.

### III. LIABILITY AS TO STEVEN ALTMAN

The appellate debtors' next argue that regardless of the amount of the award, appellate counsel, Altman, should incur no sanction liability whatsoever. Here, the appellate debtors suggest that Altman's "undisputed and indisputable contribution to the appeal" was the advancement of the "investment decision doctrine," (ADs' Obj. at 2), and that there is "absolutely no basis for the Court to find that appellate counsel's argument based on the investment decision doctrine was made in bad faith." (*Id.*) The appellate debtors further argue that the Circuit "declined to consider the investment decision doctrine argument" and that Judge Boyle "completely ignored plaintiff's extensive explication of the argument." (*Id.*) Again, neither an examination of the "investment decision doctrine," nor a consideration of any other issue of merit in plaintiff's appeal is before this Court. Judge Boyle rightly chose not to address an argument that fell beyond the scope of the present application for attorneys' fees and costs.

Judge Boyle did, however, address the appellate debtors' argument that Altman should be absolved of any sanctions liability because of his purportedly limited involvement in that appeal. Therein, the Report reads as follows:

---

[3] Parenthetically, as the appellate debtors observe in their objection papers:

> The standard for sanctions under Fed. R. App. P. Rule 38 is considerably higher than for Rule 9011 or Rule 11. It is well established that this court will only impose sanctions in the "highly unusual" case where appellees can make "a clear showing of bad faith" on the part of appellants. *See West Virginia v. Chas. Pfizer & Co., Inc.*, 440 F.2d 1079, 1092 (2d Cir. 1971).

(ADs' Obj. at 4 (quoting *In re M.A.S. 284 Parking Corp.*, No. 99-5042, 1999 U.S. App. LEXIS 34098, *7 (2d Cir. Dec. 23, 1999)(Summary Order).)

5

> Plaintiff Libaire has been represented by two attorneys in this action. In the district court, Stein represented Libaire. After the district court assessed sanctions against Libaire and Stein, both individuals appealed the judgment. Stein filed the Notice of Appeal on June 22, 2009. Appellants filed a motion to extend time to file their opening brief in order to hire Altman on December 15, 2009, after which Altman became counsel of record in the appeal. Altman made his first filing–another motion to extend time to file the opening brief–on January 12, 2010. On October 6, 2010, Altman argued the appeal before the Second Circuit. In addition, he signed several papers in the appeal, including the opening brief, a motion to extend time to oppose appellee's motion to dismiss, a petition for rehearing, and a corrected petition for rehearing. Stein too signed several papers in the case, including a motion to consolidate and two motions to submit a corrected petition for rehearing. Stein also is listed as "of counsel" on many papers, including the opening brief and the petitions for rehearing.

(Report at 22-23.)

Given these facts, there is no basis for declining to apportion liability to Altman for an appeal in which, *inter alia*, he appeared as the counsel of record. The appellate debtors' assertions on this point largely rehash the same "investment decision doctrine" arguments made in their original appeal. Nowhere in their papers do the appellate debtors provide authority for absolving an attorney for his role in a frivolous appeal that he himself argued. The Second Circuit heard the appellants' arguments on the investment-decision doctrine and declined to apply those arguments in their favor. The Circuit then considered the propriety of advancing these and other arguments and determined that the appeal was frivolous, supplemented by, as noted, the direction to this Court to "allocate[e]" liability "between Plaintiff-Appellant and his counsel." Again, the Court will not, and cannot, now reconsider the merits of the "investment decision doctrine." Revisiting such arguments here on remand was not only a meritless pursuit on the part of the appellant-debtors, but a waste of the time and resources of the opposing party and of this Court.

## IV. DEFENDANTS' OBJECTIONS AND THE ALLOCATION OF LIABILITY

Defendants' objections to the Report relate solely to the recommended apportionment of the sanction liability. Instead of the 45/45/10 distribution recommended by Judge Boyle (see above), defendants suggest that the appellate debtors should each be held jointly and severally liable. In support, defendants cite a number of Second Circuit cases holding that attorneys "can" be held jointly and severally liable under Rule 38, and that where a frivolous appeal was a "coordinated effort" such joint liability is "entirely appropriate." (Ds' Obj. at 5 (quoting, *inter alia*, *Estate of Calloway v. Marvel Entertainment Group*, 9 F.3d 237, 239 (2d Cir. 1993) and *Bartel Dental Books Co. Inc. v. Schultz*, 786 F.2d 486, 491 (2d Cir. 1986).)

Defendants, however, overplay their hand by suggesting that it was "error" for Judge Boyle not to follow the "rule" and impose joint and several liability here. (Ds' Obj. at 7.) None of the cases cited by defendants articulate a "rule" governing a mandatory imposition of joint and several liability in such instances; they merely establish that such a result is permitted and/or "appropriate." In fact, as the cases cited by defendants demonstrate, where the Circuit intends for joint and several liability to attend a Rule 38 sanction, the Circuit often so specifies. Here, the Circuit's remand order instructs this Court to determine the "allocation of those amounts between Plaintiff-Appellant and his counsel." (Remand Order.) This language clearly leaves the apportionment of such fees and costs to the discretion of the Court. The Court therefore finds no "error" in Judge Boyle's discretionary decision not to recommend joint and severable liability.

As a further argument, defendants note the difficulty they have had thus far in collecting the original judgment in this case. Specifically, defendants direct the Court's attention to the fact that Stein repeatedly refused to produce financial documents and to sit for deposition necessary for defendants to collect on the 2009 judgment. Defendants also cite the legal obstacles that

7

have hindered their enforcement of the judgment against Libaire, who currently resides in South Carolina. (Ds' Obj. at 2.)

Although the Court understands and credits the defendants' frustration in collecting what is now a more than two-year old judgment, it nevertheless adopts Judge Boyle's eminently reasonable conclusion that in this instance, "[t]he appellate attorneys should [ ]be held liable for the bulk of the sanctions award." (Report at 24.) Although Libaire, as plaintiff, may legally be sanctioned for the conduct of his attorney, *see e.g., Metro. Opera Ass'n v. Local 100, Hotel Emples. & Rest. Emples. Int'l Union*, No. 00 Civ. 3613, 2004 U.S. Dist. LEXIS 17093, *88 (S.D.N.Y. Aug. 27, 2004)(" It has long been the law in this Circuit that a client may be sanctioned for his lawyer's misconduct."), the Court is nevertheless mindful that Libaire's counsel is in a far better position to evaluate the propriety of certain arguments on appeal. Furthermore, defendants have not demonstrated a "coordinated effort" between Libaire and his appellate counsel sufficient to justify holding Libaire jointly and severally liable for the entire cost of bringing a frivolous appeal. *See Calloway*, 9 F.3d at 239(imposing joint and several liability under Rule 11 where there existed a "coordinated effort"); *see also Beekman Paper Co. v. National Paper Products,* 909 F.2d 67, 70 (2d Cir. 1990)(joint and several liability imposed under Rule 38). The situation here is also very different from the typical relationship between counsel and client, as Libaire's trial counsel is also now a judgment debtor himself with a personal interest in the outcome of the appeal. In that respect, Libaire arguably has less control or say regarding the decision to file such an appeal than he would have if the judgment was entered solely against him. Given the facts and equities involved here, the Court adopts Judge Boyle's recommendation that Libaire be held responsible for only ten percent of the subject liability.

On the other hand, the conduct of plaintiff's appellate counsel, Stein and Altman, suggests a different result is in order. In contrast to plaintiff's limited involvement in the subject appeal, the participation of Stein and Altman clearly represents a "coordinated effort." As noted above, Stein filed the notice of appeal, and Altman later appeared as the counsel of record, signed a number of the papers filed with the Circuit and argued the case. Stein and Altman each signed a number of submissions filed with the Circuit; some of those submissions were signed by both individuals. (*See, e.g.,* 4/23/10 Motion to Consolidate Appeals.) Further, as noted in the appellate debtors' objections to Judge Boyle's report, Altman's contribution to the appeal consisted of his work on the "investment decision doctrine," implying that his co-counsel, Stein, provided much of the rest. (ADs' Obj. at 2.) Given the coordinated participation of Stein and Altman in the appellate process, the Court, in its discretion, modifies the portion of Judge Boyle's Report which allocates 45 percent of the liability each to Stein and Altman individually. Instead, Stein and Altman shall be held jointly and severally liable for 90 percent of the appellate sanction liability. *Accord Bartel Dental Books Co. v. Schultz*, 786 F.2d 486, 491 (2d Cir.1986)(joint and several liability among litigant and client under FRAP 38); *Metro. Opera,* 2004 U.S. Dist. LEXIS 17093 (relating to Rule 11 sanctions)(citing *Calloway*, 9 F.3d at 239-40); *Kraemer Export Corp. v. Peg Perego U.S.A.*, No. 93 Civ. 0198 (PKL), 1994 U.S. Dist. LEXIS 3071 (S.D.N.Y. Mar. 17, 1994)(same).

## V. CALCULATION OF FEES

The appellate debtors object to the calculation of the fees in Judge Boyle's Report, suggesting that Judge Boyle "got it all wrong there too," (DA Obj. at 15), and arguing that defendants should recover, if anything, only nominal fees and costs. The thrust of this argument rests on their presumption that "the predominate amount of fees claimed relate to unsuccessful aspects of defendants' opposition to plaintiff's appeal," (*id.*), referring primarily to defendants' responses to arguments that were purportedly never considered by the Circuit, (*id.* at 18). The appellate debtors further question the quantity of hours set forth in each of defendants' twelve categories of billing.

On appeal, defendants need not necessarily succeed on each of their arguments or defenses in order to recover fees for asserting them, nor must the Circuit necessarily address a particular argument to justify the time defendants spent responding to it. Rule 38, FRAP, allows the Circuit to award "just" damages in connection to a frivolous appeal. FRAP 38; *see also* FRAP 38 commentary ("[D]amages are awarded by the court in its discretion in the case of a frivolous appeal as a matter of justice to the appellee and as a penalty against the appellant.") The appellate debtors, by bringing the appeal, left defendants with little choice but to raise all reasonable arguments in their defense, regardless of whether each argument ultimately won the day. *Cf. Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999)(Although the moving appellate brief failed to include "reasoned arguments based on cited authority . . . appellant's counsel forced appellee to anticipate, research, and argue the issues in the case without knowing what issues appellant intended to raise [in its reply]."). The appellate debtors' argument that defendants should not be compensated for the time they spent preparing for such arguments is without merit.

The Court has also reviewed the appellate debtors' arguments related to each of the defendants' twelve categories of billable hours, and finds each argument to be without merit, largely for the detailed reasons set forth by Judge Boyle in this Report.

As to the appellate defendants' insistence that no fees may be assessed prior to a hearing, (DA Obj. at 19-21), such an argument is not properly before this Court. As discussed above, the Circuit has already awarded fees to defendants. This Court is merely charged with the calculation and allocation of such fees.

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Boyle's well-crafted and thorough Report and Recommendation in part and modifies it in part. Defendants are hereby awarded a total of $83,557.74 in fees and costs associated with plaintiff-appellants' frivolous February 25, 2010 appeal to the Second Circuit. Plaintiff, John H. Libaire, Jr., is liable for no more than ten percent of the award, or $8,355.77. Appellate counsel Mitchell A. Stein and Steven Altman are jointly and severally liable for the remaining 90 percent of the award, or $75,201.97.

SO ORDERED.

Dated: Central Islip, New York
      January 30, 2012                                                       /s
                                                                 Denis R. Hurley
                                                                 Unites States District Judge