UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JOHN H. LIBAIRE, Jr.,

        Plaintiff,

        -against-

MYRON KAPLAN, JANET KRUDOP,
NORTH FORK PRESERVE, INC. and
NORTH FORK PRESERVE, CO.,

        Defendants.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
**06 CV 1500 (DRH)(ETB)**

**HURLEY, Senior District Judge:**

    By letter dated February 13, 2012, judgment debtor Mitchell Stein ("Stein") moves for reconsideration of the Court's January 30, 2012 Orders, arguing that those Orders "both rely heavily on decisions of Magistrate Judge Boyle, despite the existence of issues warranting [Judge Boyle's] disqualification under 28 U.S.C. § 455." (Docket No. 188.)

    The judgment debtors previously requested that Judge Boyle disqualify himself pursuant to §455. In a thorough and well-reasoned opinion, Judge Boyle denied the judgment debtors' request, and later upheld that decision on reconsideration. (*See* docket nos. 171, 175.) In my January 30, 2012 Order, I determined that the judgment debtors had failed to timely object to Judge Boyle's disqualification Orders under Fed. R. Civ. P. 72. (Docket No. 186 at 10.)

    Nevertheless, in his latest letter, Stein characterizes his failure to timely object under Rule 72 as a form of "waiver" under 28 U.S.C. § 455(e), which largely prohibits Judges from accepting waivers of statutory grounds for disqualification from a party. Here, neither this Court nor Judge Boyle has accepted such a waiver under §455(e), and Stein has not offered one. On the contrary, Stein has sought Judge Boyle's disqualification at every turn, including sending an

unfiled 2,000- page document to myself and Chief Judges Amon and Jacobs, filing a motion directly to Judge Boyle, requesting reconsideration of the subsequent Order, and now, in this most recent effort, seeking to undue my prior ruling that any further action on the matter before this Court is untimely. Stein's missteps in objecting to Judge Boyle's Order is not a "waiver," as it is defined in § 455(e), at all. It is merely a failure to move before this Court in a timely fashion. Stein's application is therefore denied as without merit.

SO ORDERED.

Dated: Central Islip, New York
February 14, 2012                               /s/
                                    Denis R. Hurley
                                    Unites States District Judge